SMALLEY, Appellant,

v.

FRIEDMAN, DAMIANO & SMITH CO., L.P.A., Appellee.

[Cite as *Smalley v. Friedman, Damiano & Smith Co., L.P.A.,* 172 Ohio App.3d 108, 2007-Ohio-2646.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88398.

Decided May 31, 2007.

110

Novak, Robenalt, Pavlik & Scharf, L.L.P., Colin Sammon, and William J. Novak, for appellant.

Reminger & Reminger Co., L.P.A., and Daniel R. Haude, for appellee.

Frank D. Celebrezze Jr., Administrative Judge.

{¶ 1} Appellant, Timothy Smalley, appeals the trial court's decision to deny his motion for a protective order. After a thorough review of the arguments and for the reasons set forth below, we affirm.

{¶ 2} On June 19, 2002, Smalley filed a legal malpractice claim against appellees, Jeffrey Friedman and his law firm Friedman, Damiano & Smith (collectively, "FDS"). On June 2, 2006, Smalley filed a motion for a protective order to bar FDS from calling one of his treating physicians, Dr. Douglas Linz, to testify as its expert. On June 8, 2006, FDS filed a brief in opposition. In response, the trial court conducted a pretrial hearing in which the parties were given an opportunity to present their arguments regarding the motion. On June 26, 2006, the trial court issued a decision denying Smalley's motion. On July 5, 2006, Smalley filed his notice of appeal.

{¶ 3} The incident that gave rise to the present case occurred in 1993. During that time, Smalley was an employee at the Norfolk & Southern Railway Company ("N & S"). Smalley alleged that while working for N & S, he was splashed on his left buttock with Safety Kleen, a liquid chemical solvent. The splash covered an area roughly the size of a softball. As a result of this exposure to Safety Kleen, Smalley filed suit against N & S under the Federal Employers' Liability Act ("FELA"), alleging both physical and psychological injuries.

{¶ 4} When Smalley visited his family physician regarding his exposure to the product, he was diagnosed with chemical hepatitis. Because his family physician was not an expert with respect to chemical exposure, Smalley was referred to Dr. Linz, who was an occupational medicine specialist with a focus in exposure to solvents. Smalley visited Dr. Linz on two occasions, once on December 3, 1993, and again on February 23, 1994. After conducting a series of tests, Dr. Linz determined that Smalley was suffering from mycoplasma pneumonia, not chemical hepatitis. Dr. Linz concluded that the pneumonia was completely unrelated to Smalley's exposure to Safety Kleen and that it actually predated his encounter with the product.

{¶ 5} During the course of litigation, Smalley dismissed his claim for physical injuries. Shortly thereafter, N & S moved for summary judgment, arguing that Smalley could not prove that he was in the zone of danger, as required by FELA for claims of negligent infliction of emotional distress. The trial court granted the motion for summary judgment; however, that decision was overturned by the Tenth District Court of Appeals.[1] After his appeal was granted, Smalley retained FDS to serve as legal counsel for trial.

---

1. *Smalley v. Norfolk & Western Ry.* (Sept. 2, 1999), Franklin App. No. 99AP–147, 1999 WL 680151.

{¶ 6} On June 19, 2002, Smalley filed a legal malpractice action against FDS, alleging that FDS agreed to represent him, but then advised him to dismiss his case without prejudice after the statute of limitations had expired. He argued that FDS informed him that he would be able to refile his claim within one year under the Ohio saving statute. He alleged that after he dismissed his case, he discovered that the Ohio saving statute did not apply to FELA actions, and thus, he was barred from refiling.

{¶ 7} In order to defend the legal malpractice action asserted by Smalley, FDS requested discovery related to the physical and psychological injuries alleged in his FELA claim. Smalley refused to provide this information and filed a motion for a protective order, asserting physician-patient privilege. The trial court denied his motion for a protective order, holding that Smalley had waived the physician-patient privilege. Smalley responded by filing an interlocutory appeal with this court in *Smalley v. Friedman, Damiano & Smith Co., L.P.A.,* Cuyahoga App. No. 83636, 2004-Ohio-2351, 2004 WL 1048207 (*"Smalley I"*). This court affirmed the trial court's denial of Smalley's motion for a protective order, holding that he had in fact waived the physician-patient privilege. Smalley was then ordered by the trial court to produce his medical records from Dr. Linz.

{¶ 8} In the summer of 2005, after reviewing Dr. Linz's resume, FDS discovered that he had extensive knowledge and experience in the area of solvent exposure. FDS contacted Dr. Linz regarding whether he would be willing to comment on Smalley's symptoms and their relation to his exposure to Safety Kleen. Dr. Linz agreed and authored an expert report concluding that Smalley's injuries were not related to his exposure to Safety Kleen. Smalley was provided with a copy of the report and did not object to it; nor did he object to Dr. Linz's involvement in the litigation. Dr. Linz was scheduled for videotape deposition on June 5, 2006; however, on June 2, 2006, Smalley filed an objection to Dr. Linz's involvement, arguing that he could not testify because he had been his treating physician 12 years prior. FDS was then forced to postpone Dr. Linz's deposition, and Smalley filed a second motion for protective order. On June 26, 2006, the trial court denied Smalley's motion. It is from that decision that he appeals.

{¶ 9} "I. The trial court erred to the prejudice of plaintiff-appellant by denying plaintiff-appellant's motion for protective order to prevent plaintiff's former treating physician Dr. Linz to testify as an expert witness."

{¶ 10} Smalley argues that the trial court abused its discretion when it denied his motion for a protective order. More specifically, he asserts that a treating physician is barred from testifying for the defense when that testimony is based on what that doctor observed during the physician-patient relationship. He

contends that the testimony Dr. Linz seeks to offer is clearly based on his treatment, and thus, it should not be admitted.

{¶ 11} FDS contends that Smalley's motion for a protective order is in actuality a motion in limine. FDS argues that due to the nature of a motion in limine, the trial court's decision denying the motion is not final and appealable. However, FDS asserts that if this court holds that the trial court's decision to deny Smalley's motion for a protective order is final and appealable, the trial court's actions did not constitute an abuse of discretion.

## Final and Appealable Order

{¶ 12} This court holds that the trial court's decision to deny Smalley's motion for a protective order is final and appealable. R.C. 2505.02(B) provides:

{¶ 13} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 14} " * * *

{¶ 15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 18} R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary to an action, including, but not limited to, a proceeding for preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, * * * or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code."

{¶ 19} Because Smalley's motion for a protective order concerns discovery of potentially privileged matter, it is clear that his appeal involves a provisional remedy, as defined by R.C. 2505.02. Accordingly, the trial court's order denying Smalley's motion is final and appealable.

## Abuse of Discretion

{¶ 20} This court finds no merit in Smalley's argument that the trial court's decision to deny his motion for a protective order was an abuse of discretion. To constitute an abuse of discretion, the ruling must be more than

legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 21} " 'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.' " *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 473 N.E.2d 264, quoting *Spalding v. Spalding* (1959), 355 Mich. 382, 384–385, 94 N.W.2d 810. In order to have an abuse of that choice, the result must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias." Id.

{¶ 22} Civ.R. 26(B)(1) provides that parties to an action "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of [any other] party."

{¶ 23} In the present case, Dr. Linz's testimony regarding Smalley's injuries is relevant and does not violate the physician-patient privilege. As stated in Smalley's previous appeal,[2] when a plaintiff asserts a claim under FELA for negligent infliction of emotional distress, the injured party must survive the " 'zone of danger' test which limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct or who are placed in immediate risk of physical harm by such conduct." The holding in *Smalley I* further stated, "The fact that appellant withdrew his bodily injury claims does not mean that in his claim for negligent infliction of emotional distress, appellant may not present evidence of physical injury. All of the facts surrounding appellant's alleged injuries, including any physical contact with Safety–Kleen or other chemicals, may be relevant to appellant's remaining claim for negligent infliction of emotional distress. Certainly, such evidence is relevant to an analysis under the zone of danger test."

{¶ 24} It is clear from the holding in *Smalley I* that Dr. Linz's testimony regarding Smalley's physical injuries is relevant to his remaining claim of emotional distress; thus, it fulfills the relevancy requirement set forth in Civ.R. 26(B)(1).

{¶ 25} Additionally, Dr. Linz's testimony is not privileged. R.C. 2317.02(B)(1) generally prohibits a physician from offering testimony regarding patient-physician communications. R.C. 2317.02(B)(5)(a) defines physician-patient communications as "acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician or

---

2. See fn. 1.

dentist to diagnose, treat, prescribe, or act for a patient. A 'communication' may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis."

{¶ 26} As stated in R.C. 2317.02(B)(1)(a)(iii), however, this privilege does not exist where a patient files a "medical claim, dental claim, chiropractic claim, or optometric claim, as defined in Section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123 of the Revised Code."

{¶ 27} R.C. 2317.02(B)(3)(a) provides that, under the circumstances in which a physician-patient privilege does not exist, "a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, other civil action, or claim under Chapter 4123. of the Revised Code."

■ {¶ 28} The information Dr. Linz seeks to offer is not privileged. Smalley filed a civil action as defined by R.C. 2317.02(B)(1)(a)(iii), removing the physician-patient privilege. In addition, the testimony Dr. Linz seeks to offer is entirely relevant to Smalley's civil action, as required by R.C. 2317.02(B)(3)(a).

{¶ 29} In light of the above analysis, it is clear the trial court's actions were not unreasonable, arbitrary, or unconscionable when it denied Smalley's motion for a protective order. Accordingly, the trial court did not abuse its discretion, and Smalley's assignment of error is overruled.

Judgment affirmed.

SWEENEY, J., concurs.

COONEY, J., dissents.

COONEY, J., dissenting.

{¶ 30} I respectfully dissent because the motion for protective order was, in essence, a motion in limine to limit Dr. Linz's testimony at trial. I disagree that Smalley's motion for protective order concerned discovery of potentially privileged matter, as the majority states.

{¶ 31} First, I would point out that discovery had been completed by the time Smalley filed his motion in June 2006. Trial was scheduled for July 2006, and FDS was scheduling Dr. Linz's deposition for trial purposes as its expert.

Smalley was given Dr. Linz's expert report in September 2005, so there was nothing to "discover" that was not already known.

{¶ 32} Secondly, Smalley had already challenged the privilege issue and Dr. Linz's information through an interlocutory appeal. We held in *Smalley I*, Cuyahoga App. No. 83636, 2004-Ohio-2351, 2004 WL 1048207:

[P]laintiff's communications to his physicians, including medical records, which are related causally or historically to physical or mental injuries that are relevant to issues in his civil action are not privileged.

Therefore, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a protective order as communications which are causally or historically related to the injuries he sustained in the accident are not privileged. Moreover, the records contain information that is relevant to the defense of plaintiff's action for attorney malpractice and are therefore discoverable.

{¶ 33} Therefore, the discovery issue of privilege was determined by this court in 2004 in the underlying case. The case was ready for trial when Smalley filed his purported motion for protective order in June 2006. Clearly, he is seeking to prevent Dr. Linz from testifying at trial as a defense expert. That type of objection is raised through a motion in limine.

{¶ 34} A motion in limine is defined in Black's Law Dictionary (5th Ed.1979) 914, as "[a] written motion which is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions or statements * * * to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial." Generally, the ruling on a motion in limine is a tentative, precautionary ruling reflecting the court's anticipated treatment of an evidentiary ruling, and in most instances, finality of the ruling does not attach even when the motion is granted. See *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142.

{¶ 35} In the instant case, Smalley is attempting to challenge a preliminary evidentiary ruling regarding the defense expert's anticipated testimony. He must preserve his objection at trial or during Dr. Linz's trial deposition, and once the case is concluded, the court's ruling will be subject to review. However, at the current posture of the underlying case, the court's ruling is not a final appealable order. Therefore, I would dismiss the appeal.