JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Timothy Ray Smalley ("Smalley"), appeals from the trial court's decision that dismissed his amended complaint against defendant-appellee, Douglas Linz, M.D. ("Linz"). Smalley filed claims against Linz, who had allegedly been one of Smalley's treating physicians, for unauthorized disclosure and invasion of privacy based upon Linz's agreement to act as an expert witness in defense of Smalley's former attorneys in his legal malpractice action against them. For the reasons that follow, we affirm.
 {¶ 2} This is Smalley's third appeal to this Court arising out of a common set of operative facts and a brief procedural history is appropriate. In 1996, Smalley commenced an action in Franklin County against his employer for certain alleged negligent acts in violation of the Federal Employers' Liability Act.[1] The gravamen of his complaint was that he suffered psychological injury[2] as a result of his alleged exposure to Safety-Kleen. Smalley appealed the trial court's decision that awarded *Page 4 
his employer summary judgment and the Tenth District reversed and remanded the matter for further proceedings. Smalley v. Norfolk andWestern Railway Co. (Sept. 2, 1999), Franklin App. No. 99AP-147 ("Smalley I"). Following the remand, the law firm of Friedman, Domiano Smith Co., L.P.A. ("FDS") became involved with Smalley's case.[3]
 {¶ 3} According to Smalley, his family physician referred him to Linz, who is an occupational disease specialist. Smalley maintains that he "consulted with Linz in the office setting on two (2) separate occasions, once on December 3, 1993, and then again on February 23, 1994." Smalley indicated that Linz was deposed as a fact witness in theSmalley I litigation.
 {¶ 4} The record indicates that Linz diagnosed Smalley with anemia associated with pneumonia and concluded that he was not suffering from chemical hepatitis.
 {¶ 5} Smalley, acting pro se, attempted to voluntarily dismiss his claims in Smalley I without prejudice but avers that he was effectively prevented from refiling it. Claiming he had dismissed the action on the advice of counsel, he commenced a second action for legal malpractice against FDS and two of its attorneys. In that matter, Smalley moved for a protective order seeking to prevent the disclosure and *Page 5 
to bar discovery of all witnesses and documents pertaining to the underlying FELA case. When the trial court denied that motion, Smalley appealed to this Court. (See Smalley II). The appeal was accepted on the basis that the challenged order involved the alleged disclosure of privileged information. Id. at ¶ 14.
 {¶ 6} In Smalley II, we determined that Smalley waived both the attorney-client privilege and the physician-patient privilege concerning information relative to his claims in Smalley I. At issue in the legal malpractice action was the question of whether FDS had breached a duty to Smalley in connection with the FELA action. It is axiomatic that the merits of the legal malpractice action can depend on the merits of the underlying case (i.e., the plaintiff must show a causal connection between the conduct complained of and the resulting damage). Id. at ¶¶ 40-42.
 {¶ 7} Pertinent to this appeal is our holding in Smalley II that Smalley's communications to his physicians, which include Linz, and medical records which "are related causally or historically to physical or mental injuries that are relevant to issues in his civil action are not privileged." Id. at ¶ 47. Further, we concluded that the testimonial privilege did not apply. Id. at ¶ 46. Under our reasoning in SmalleyII, Linz could be compelled to submit to discovery in the legal malpractice case.
 {¶ 8} Thereafter, FDS identified Linz as an expert witness for the defense, which eventually gave rise to a second motion for protective order from Smalley. The trial court's denial of that motion became the subject of another appeal to this *Page 6 
Court in Smalley v. Friedman, Domiano Smith, Co., L.P.A.,172 Ohio App.3d 108, 2007-Ohio-2646. ("Smalley III")
 {¶ 9} In Smalley III, this Court held that Linz's testimony was relevant to the legal malpractice action and not privileged because Smalley had filed a civil action waiving the physician-patient privilege as to the matters Linz sought to testify. Id. at ¶¶ 24-25, 27-28.
 {¶ 10} While Smalley III was pending on appeal, Smalley filed a separate lawsuit against Linz claiming damage as a result of his agreement to serve as an expert witness for the defense in the legal malpractice action. On April 20, 2007, Smalley filed an amended complaint asserting a claim for unauthorized disclosure and invasion of privacy. The trial court granted Linz's motion to dismiss for failure to state a claim upon which relief could be granted, which is the subject of the present appeal.
 {¶ 11} The narrow issue we must decide in this case is whether the trial court erred by dismissing the amended complaint in the context of the unique factual posture of this case and the binding authority established by this Court in related proceedings. For the reasons that follow, we affirm.
 {¶ 12} Smalley asserts one assignment of error, which states:
 {¶ 13} "I. The trial court erred to the prejudice of plaintiff-appellant in granting defendant-appellee's motion to dismiss the first amended complaint." *Page 7 
 {¶ 14} The relevant facts are set forth above and will not be restated here except to reiterate that Linz agreed to act as an expert witness on behalf of Smalley's former attorneys in a legal malpractice action. At one point, the attorneys and Smalley were on "the same side" — that being in the FELA action. Only after Smalley sued his former attorneys did they retain Linz to defend the allegation that they committed malpractice by not pursuing the FELA action. In essence, the attorneys were offering evidence to explain the lack of merit in the FELA action and the justification for not pursuing the claims.
 {¶ 15} It is sanctionable conduct to pursue claims that are meritless and frivolous. If a client's own doctors find no causal connection between the injury and a defendant's conduct, the dismissal of a personal injury claim may well be warranted and cannot constitute legal malpractice. It would be a precarious situation for an attorney in that scenario to then be barred from defending a malpractice claim by that client with the opinions of the medical professionals that precipitated or justified the dismissal in the first place.
 {¶ 16} This is not a case where a treating physician "switches sides" and is contacted by a defendant and retained to testify against the plaintiff as an expert witness in a personal injury action.[4] We are not called upon to examine or decide the potential ethical violations of a treating physician who chooses to do so.[5] *Page 8 
 {¶ 17} This Court's rulings in Smalley II and Smalley III required Linz to testify and disclose his communications to Smalley and to produce the medical records, which were causally or historically related to physical or mental injuries that were relevant to issues in his civil action. Smalley II at ¶ 47. The information was made public through Linz's deposition in the FELA action and was deemed not privileged by this Court. The fact that Linz was retained as an expert to opine about the non-privileged facts does not amount to a disclosure of privileged information nor can it serve as a breach of fiduciary duty. To find otherwise would place Linz in the untenable position of being found in breach of a fiduciary duty for complying with a court order to disclose information. His capacity as an expert witness in this case is irrelevant.
 {¶ 18} The causes set forth in the amended complaint were: unauthorized disclosure and invasion of privacy both premised upon an alleged "unauthorized, unprivileged disclosure of non-public medical information" concerning Linz's treatment of Smalley.[6] *Page 9 
 {¶ 19} The complaint clearly ties Smalley's claims against Linz to the alleged disclosures he made in his capacity as an expert in the legal malpractice action, which were based on non-privileged facts. By reference, the amended complaint incorporates the proceedings in that action and the appeals that form the law of the case, including the non-privileged nature of the information and that the physician-patient privilege did not apply to Linz's testimony. Accordingly, the first count that alleges that Linz made an "unauthorized, unprivileged disclosure of non-public medical information relative to his patient/physician relationship" with Smalley fails as a matter of law. The claim for invasion of privacy fails under the same rationale. Accordingly, the trial court did not err by dismissing the amended complaint.
 {¶ 20} We emphasize that our determination is confined to a unique factual pattern and court rulings that have determined the non-privileged nature of the evidence and testimony that are involved in this particular case. This decision neither addresses nor sanctions treating physicians to engage in ex parte consultation with defendants, or to serve as experts paid by defendants to testify against their patients, in a patient's personal injury action.
 {¶ 21} Smalley's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] "FELA."
[2] Smalley withdrew any claim that he sustained actual physical injury as a result of exposure to Safety-Kleen or other chemicals during his employment.
[3] According to our decision in Smalley v. Friedman, Domiano SmithCo., L.P.A., Cuyahoga App. No. 83636, 2004-Ohio-2351 ("SmalleyII"), which we incorporate here by reference, Smalley retained the firm of Cole Lewis to represent him in Smalley I, who in turn "found" FDS.
[4] We do note that the Cuyahoga County local rules contemplate that a party may utilize a treating physician as his/her expert witness and, under specified circumstances, the hospital and office records of that physician's treatment can serve as the expert's written report. Loc. R. 21.1.
[5] For this reason, Hammonds v. Aetna Cas. Sur. Co. (1965), 243 F.Supp. 793 is distinguishable.
[6] Accord, Biddle v. Warren General Hospital (1999),86 Ohio St.3d 395 (tort requires the disclosure of unauthorized, unprivileged disclosure of nonpublic medical information). *Page 1