[Cite as *Heinrichs v. 356 Registry, Inc.*, 2013-Ohio-4161.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| R. Stephen Heinrichs, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-361 |
| v. | : | (C.P.C. No. 12CV-12434) |
| 356 Registry, Inc., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on September 24, 2013

*Bailey Cavalieri LLC*, and *Tiffany C. Miller*, for appellee.

*Chieffo Law Office*, and *Dominic J. Chieffo*; *Isaac, Wiles, Burkholder and Teetor*, and *Donald L. Anspaugh*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶ 1} Defendant-appellant, 356 Registry, Inc. ("Registry"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of plaintiff-appellee, R. Stephen Heinrichs, to compel the production of documents requested in civil discovery. Because the trial court did not abuse its broad discretion in so holding, we affirm.

## I. FACTS

{¶ 2} Registry is an Ohio non-profit corporation comprised of an international group of Porsche 356 series automobile owners and enthusiasts who seek to preserve and perpetuate the car. Registry publishes certain financial information in its magazine

entitled "Porsche 356 Registry," which is distributed to its members.  Heinrichs is a Porsche historian, collector, restoration expert, author, and event coordinator who had been a dues-paying Registry member for over 25 years.

{¶ 3}  According to Heinrichs, after noticing that financial information for Registry's 2010-2011 fiscal year had not been published in its magazine, he logged onto the online discussion forum open to Registry members and started a discussion thread noting the missing financial information and requesting that Registry publish it. Heinrichs then made several demands requesting that Registry permit him to inspect and copy its books and records.

{¶ 4}   After Registry allegedly refused Heinrichs' requests or placed an illegal restriction on his right of inspection, on October 1, 2012, Heinrichs filed a complaint in the Franklin County Court of Common Pleas requesting a declaration that Registry has an obligation to allow him to inspect and copy the requested records and an order compelling Registry to turn over those records for inspection and copying.  Registry filed an answer and counterclaim.  In its counterclaim, Registry raised claims of intentional interference with business relations and defamation.   It requested compensatory and punitive damages and declaratory and injunctive relief against Heinrichs.  In addition, shortly after Heinrichs filed his original complaint, Registry's board of trustees voted to permanently terminate his membership because of its determination that his actions were "detrimental to the good order of our Club."  (R. 42, at 5.)

{¶ 5}   On November 2, 2012, Heinrichs filed an amended complaint in which he added claims of breach of fiduciary duty and defamation to his claim for the inspection of Registry's books and records.  For his records claim, Heinrichs specified that he had requested to inspect the following books and records, to the extent they exist:  (1) annual financial statements and information for 2008 through the fiscal year completed on August 31, 2012 and interim financial statements for 2012; (2) general ledger; (3) expense records, including for the magazine, *the Goodie Store*, trustees' expenses, insurance, and grants and gifts for holiday meetings; (4) all minutes for meetings of trustees, board, committee and Registry members; (5) contract with *the Goodie Store*; (6) contract for the magazine; (7) material employment and independent contractor records; (8) contract or agreement with Porsche; (9) check register; and (10) a list of all Registry members and

their mailing addresses.  Registry filed an answer in which it reasserted its demands in its answer and counterclaim, and Heinrichs submitted a reply to the counterclaim.

{¶ 6}  On November 21, 2012, Heinrichs served his first request for production of documents, pursuant to Civ.R. 26 and 34, to Registry.  He requested the production of 36 categories of records, including those records that are the subject of his records claim. Registry objected to the requested discovery because "the very heart of the litigation is the issue of examining and or producing books and records."  (R. 38, exhibit B.)  Registry claimed that Heinrichs had not yet established his entitlement to inspect the requested records under R.C. 1702.15. In addition, Registry objected to the production of any documents that are: "confidential; privileged; not subject to disclosure by contract or representations to members or prospective members; subject to protection; the subject of confidential[it]y agreements; contrary to representation to members and prospective members that the information will not be shared, rented, sold, divulged or distributed and beyond the requirements of the laws of the State of Ohio."  (R. 38, exhibit B.)  Finally, Registry objected to the production of any documents that would constitute a breach of its fiduciary duties.  Registry did not provide any of the requested records.

{¶ 7}  After the parties exchanged more correspondence that did not break the discovery impasse, Heinrichs filed a motion to compel Registry to immediately respond to his request for production of documents.  In its memorandum in opposition, Registry claimed that the matter was governed by R.C. 1702.15, which takes precedence over conflicting discovery rules, the production of the requested records would violate R.C. 1702.15 and constitute a breach of Registry's fiduciary duties to its members, and Heinrichs had no right to certain requested records, which are privileged or confidential.

{¶ 8}  On April 16, 2013, the common pleas court granted Heinrichs' motion to compel the production of the requested documents.  The court determined that the requested records appeared reasonably calculated to lead to the discovery of admissible evidence to defend against Registry's counterclaims of intentional interference with a business relation and defamation so that Registry could not use Heinrichs' claim under R.C. 1702.15 "to shield it from producing material [he] is entitled to learn in order to defend counterclaims." (R. 57, at 6-7.)

## II.  ASSIGNMENT OF ERROR

{¶ 9} This appeal followed, and Registry assigns the following error:

> THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING THE ORDER OF APRIL 13 [sic], 2013, COMPELLING THE DEFENDANT TO PRODUCE DOCUMENTS, WHICH IS CONTRARY TO LAW.

## III. DISCUSSION

{¶ 10} Before considering the merits of this appeal, we must address Heinrichs' motion to dismiss for lack of a final appealable order. Courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Ohio Constitution, Article IV, Section 3(B)(2). "R.C. 2505.03 (A) limits the appellate jurisdiction of courts of appeals to the review of final orders, judgments, or decrees." *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 44.

{¶ 11} Registry claims that the April 2013 order to compel it to produce the documents requested by Heinrichs is a final order under the provisional-remedy provision of R.C. 2505.02(B), which provides:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 12} A "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of

privileged matter, [or] suppression of evidence." R.C. 2505.02(A)(3). Because the cited examples are non-exclusive, an appellate court may treat an unlisted ancillary proceeding as a provisional remedy. *State v. Muncie*, 91 Ohio St.3d 440, 446 (1oth Dist.2001).

{¶ 13} Discovery orders have historically been held to be interlocutory and thus neither final nor appealable. *Frash v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-14, 2013-Ohio-2783, ¶ 11. But with the amendment to R.C. 2505.02, the General Assembly recognized that a discovery order compelling the disclosure of privileged matter constituted a provisional remedy that could be final and appealable. *Id.*, citing *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, ¶ 24. Similarly, an order that compels the discovery of confidential matter is also a provisional remedy. *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, ¶ 33 (10th Dist.).

{¶ 14} In his May 8, 2013 motion to dismiss, Heinrichs claims that Registry never objected to his request for production of documents "on the theory that the requested documents are privileged." (Appellee's Motion to Dismiss, at 2.) The record disproves this claim. In its response to Heinrichs' request for production, Registry specifically objected to the production of documents that are privileged or confidential, and Registry reiterated that objection in its memorandum contra Heinrichs' motion to compel.

{¶ 15} In the case, as here, of an order compelling the production or disclosure of material that is allegedly privileged or confidential, an interlocutory appeal will lie. *Miles-McClellan Constr. Co., Inc. v. Westerville City School Bd. of Edn.*, 10th Dist. No. 05AP-1112, 2006-Ohio-3439, ¶ 8; *see also Bennett* at ¶ 35 ("appellate courts have reasoned that as long as an appellant presents a 'colorable claim' that the documents subject to a discovery order are privileged and/or confidential, the proceeding that resulted in that order qualifies as a provisional remedy"). "Otherwise, an appellate court would be forced to decide the merits of the appeal in order to determine whether it has the power to hear and decide the merits of the appeal." *Id.*

{¶ 16} Therefore, Registry's allegations that the requested records are privileged and confidential were sufficient to make the contested discovery order compelling their production an order granting a provisional remedy for purposes of R.C. 2505.02(A)(3) and (B)(4). Further, the order determined the action as to the provisional remedy in that it settled the discovery dispute between the parties. *Id.* at ¶ 36. Finally, the order

prevented a judgment in favor of Registry because it required the dissemination of the allegedly privileged and confidential matter. *Id.* Consequently, the trial court's order met the R.C. 2505.02(B)(4) test for a final appealable order.

{¶ 17} Moreover, even in the absence of any assertion of privilege or confidentiality, the court's order effectively grants Heinrichs' claim to inspect the specified books and records of Registry, pursuant to R.C. 1702.15, because the documents the court ordered it to produce to Heinrichs includes all of the requested records. That is, the discovery order prevents a judgment in favor of Registry on the records claim.

{¶ 18} Therefore, the trial court's order granting Heinrichs' motion to compel the production of documents is a final appealable order under R.C. 2505.02(B)(4). We deny the motion to dismiss and proceed to address the merits of Registry's appeal.

{¶ 19} In its sole assignment of error, Registry asserts that the trial court abused its discretion by ordering it to produce the requested documents in discovery. Trial courts possess broad discretion over the discovery process, so appellate courts generally review a trial court's decision on a discovery matter under an abuse-of-discretion standard. *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, ¶ 27; *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 18. Nevertheless, whether information sought in discovery is confidential or privileged from disclosure is a question of law that is reviewed de novo. *MA Equip. Leasing I, L.L.C. v. Tilton*, 10th Dist. No. 12AP-564, 2012-Ohio-4668, ¶ 13, citing *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13.

{¶ 20} The party claiming the privilege or confidentiality precluding disclosure bears the burden of establishing that it applies to the requested information. *See Hope Academy Broadway Campus v. White Hat Mgt., L.L.C.*, 10th Dist. No. 12AP-116, 2013-Ohio-911, ¶ 23; *In re Guardianship of Clark*, 10th Dist. No. 09AP-871, 2009-Ohio-6577, ¶ 8; *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, ¶ 25, 36.

{¶ 21} To meet this burden, Registry primarily relies on R.C. 1702.15, which provides that each nonprofit corporation in Ohio:

> [S]hall keep correct and complete books and records of
> account, together with minutes of the proceedings of its

> incorporators, members, directors, and committees of the directors or members. Subject to limitations prescribed in the articles or the regulations * * *, all books and records of a corporation, * * * may be examined by any member or director or the agent or attorney of either, for any reasonable and proper purpose and at any reasonable time

*Id*; *see also Carlson v. Rabkin*, 152 Ohio App.3d 672, 2003-Ohio-2071, ¶ 23 (1st Dist.).

{¶ 22} The plain language of R.C. 1702.15, however, does not confer any privilege on a corporation to evade its duties to provide relevant documents under discovery provisions in litigation that includes claims beyond a claim for the statutory inspection of corporate records. Nor does Registry cite any authority that so holds.

{¶ 23} Moreover, Registry's general claims of privilege and confidentiality that reference an argument that "[e]ach membership application and renewal application specifically states that the information thereon will not be shared, rented, sold, divulged or distributed" were not supported by either evidence or citation to persuasive authority. (Appellant's Brief, at 9.) Under these circumstances, the trial court did not abuse its broad discretion by rejecting Registry's contentions and granting Heinrichs' motion to compel. *See, e.g., State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, ¶ 27 (confidentiality agreement or promises of confidentiality are insufficient to preclude disclosure of public records under R.C. 149.43).

{¶ 24} To be sure, if this case were restricted to Heinrichs' claim to inspect Registry's corporate records under R.C. 1702.15, a trial court order compelling the disclosure of those same records in discovery would be improper because it would render the case moot before the parties have the opportunity to litigate the issue of whether Heinrichs is entitled to the records under the requirements set forth in the statute. *See State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, ¶ 23 ("If the court were to require the disclosure of the subject records in discovery to permit relator [in an R.C. 149.43 public-records mandamus action] to contest the applicability of a claimed exception, it would render the case moot."); *Uvalde Rock Asphalt Co. v. Loughridge*, 425 S.W.2d 818, 820 (Tex.1968) (trial court erred in granting motion for discovery of records that were the subject of mandamus action to permit shareholders to exercise statutory

right to examine corporate books and records because it improperly deprived corporation of trial on issue of whether shareholders had the requisite "proper purpose" to exercise statutory right).

{¶ 25} But the underlying civil case is not limited to Heinrichs' R.C. 1702.15 records claim.  Instead, the case includes Registry's counterclaims for intentional interference with business relations and defamation and Heinrichs' additional claims for breach of fiduciary duty and defamation.  Heinrichs has a right to seek discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Civ.R. 26(B)(1).  As discussed previously, no privilege prevents the disclosure of the requested records here, and Registry does not suggest that the subject documents are irrelevant to its counterclaims or to Heinrichs' additional claims.

{¶ 26} Registry further claims that because R.C. 1702.15 and the rules of civil discovery conflict, the statute must control and govern this case.  If a rule created by the Supreme Court of Ohio, pursuant to Ohio Constitution, Article IV, Section 5(B), conflicts with a statute, the rule will control for procedural matters, and the statute will control for substantive matters.  *Havel v. Villa St. Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, ¶ 12.  Here, however, where the claims before the trial court involve more than simply an R.C. 1702.15 claim for inspection of corporate records, and there is no indication that the party seeking inspection of those records added claims simply to access these records via discovery without having to establish entitlement under the statute, we are not persuaded that a conflict exists.  Registry raised counterclaims, and Heinrichs is entitled to the discovery of all pertinent records to defend against them.  As Heinrichs notes, the statute does not "reduce the rights of a civil litigant in pursuit of discovery from a corporate party" by creating a privilege.  (Appellee's Brief, at 11.)  *See also San Antonio Models, Inc. v. Peeples*, 686 S.W.2d 666, 671 (Tex.App.1985) (court held that shareholder had a right to seek discovery of any information relevant and material to cause of action that was not pursuant to records-inspection provision of the state business act even though the corporation previously resisted the shareholder's attempt to inspect its book and records on the basis of lack of a proper purpose under the act).

{¶ 27} In addition, as the trial court observed, Registry did not request that the court consider Heinrichs' R.C. 1702.15 records claim first by moving for partial summary judgment on it:

> The Defendant cannot have it both ways: withhold discoverable evidence on the basis that Plaintiff is not permitted under R.C. 1702.15 to obtain the information, yet sit back and do nothing to elicit that determination from the Court.

(R. 57, at 6.)

{¶ 28} Finally, the trial court's order will not cause a breach of fiduciary duty by the Registry trustees when they follow it. Compliance with a court order to disclose information does not result in a breach of fiduciary duty. *See Smalley v. Linz*, 8th Dist. No. 90359, 2008-Ohio-3855, ¶ 17.

{¶ 29} Under these circumstances, the trial court did not abuse its discretion in compelling Registry to provide the requested records. Registry's assignment of error is overruled.

## IV. CONCLUSION

{¶ 30} Appellee's motion to dismiss is denied. Having overruled Registry's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Motion to dismiss denied;*
*judgment affirmed.*

BROWN and SADLER, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____