**GUARANTY OLD LINE LIFE CO. et al. v. McCALLUM, Judge, et al.**

No. 12388.

Court of Civil Appeals of Texas. Dallas.

Oct. 31, 1936.

Chas. Romick; of Dallas, for relators.

John Davis, of Dallas, for respondents.

BOND, Justice.

This is an original application for mandamus, filed in this court by Guaranty Old Line Life Company, and others against Claude McCallum, judge of the 101st dis-

trict court of Dallas county, George W. Harwood, clerk of the district courts, and G. C. Waldrop, to vacate an interlocutory order made by the district judge in a suit filed by G. C. Waldrop, as plaintiff, against Guaranty Old Line Life Company, Guaranty Old Line Life Insurance Company, Guaranty Old Line Life Underwriters, Inc., Registrar Bond & Share Corporation, Henry Camp Harris, J. D. Moffitt, and others, whose names are not necessary to here mention, as defendants, compelling, by mandamus, the defendant corporations to allow the plaintiff, as a stockholder of the Guaranty Old Line Life Company, to examine and inspect the books, records, and papers of the corporations at reasonable times and during business hours, and to make, or cause to be made, audits and copies of all such records, books, etc.

The mandamus was granted by Judge McCallum on plaintiff's allegations that he was a stockholder of the Guaranty Old Line Life Company, that he had made demand on the defendants to be permitted to examine, audit, and copy the books and records, etc., of all defendant corporations, and that the defendants failed and refused such rights. The plaintiff does not claim to hold stock in any of the other three named corporations, but does allege that they are affiliated corporations, and, as such, he also has the right to inspect, audit, and make copies of their records, etc. There is no allegation of fraud, mismanagement, or defalcation of the officers of the corporation.

Defendants' answer included a plea by which they sought to justify their refusal to permit the plaintiff to examine the books and records of the various corporations. It was alleged, in effect, that plaintiff did not in good faith, as a stockholder, seek permission to inspect the books and other records; that there existed a conspiracy between the plaintiff and other named parties, to obtain control of the Guaranty Old Line Life Company for the purpose of unlawfully inflating and "watering" the capital stock of that corporation and unloading such stock on the unsuspected purchasing public, and by such unfair and unlawful means, destroy the corporation and injure the stockholders generally; that, in furtherance of such scheme, the defendants alleged the plaintiff and his associates have sought, and are now seeking, control of the corpora-

tions, and have made, and will continue to make, false statements concerning the corporate affairs and the executive officers of the corporations, which has resulted, and will continue to result, in dissatisfaction and discord among the stockholders as has caused some of them and will cause others to sell and transfer their stock, and to execute and extend voting proxies as will enable the plaintiff and his associates to accomplish their unlawful purpose. Defendants alleged that plaintiff is seeking to secure a list of all of the stockholders of the corporations so as to compass the defeat of the executive officers and elevate himself and his associates to such positions, for the sole and only purpose of carrying out their expressed unlawful and corrupt scheme and plan, defrauding stockholders and wrecking the corporation. In brief, the answer sets up that the plaintiff comes into court with unclean hands, seeking to examine the books of the corporations for ulterior motives, and alleged facts which unquestionably, if true, should defeat plaintiff's right to examine, audit, and copy the books, etc., of the corporations.

The statute, article 1328, R.S., giving to stockholders the right to inspect the books and records of a corporation, is not an absolute right, regardless of the stockholders' motive. In the exercise of this right, the stockholders must come into court with clean hands, and, if a state of facts exist sufficient to convince the court or jury that the stockholder is not seeking the information which might be revealed by the desired inspection, for the protection of his interest as a stockholder or that of the corporation, but that he is actuated by corrupt or unlawful motives, the court will not aid him by writ of mandamus in such purpose.

A mandamus is always a remedy to right a wrong, not to promote one. The right of inspection granted to a stockholder of a corporation, by statute, is clearly for the benefit of a corporation and the stockholders, and, when the exercise of that right is for the purpose of injuring the corporation or stockholders generally, the right will be denied.

In the case of Dreyfuss & Son v. Benson, 239 S.W. 347, 349 (writ refused), this court says: "However, we do not hold that appellee's counter contention is correct to the extent that it declares article

968

1160 [now article 1328, R.S.] of the Revised Civil Statutes gives appellee, by virtue of his being a stockholder, the absolute right to inspect the books and records at reasonable hours regardless of his motives. To hold this would mean that a court should compel a corporation under this law to open its books and records to a stockholder regardless of whether he is prompted by motives wholly evil and corrupt to seek the information they might reveal. Following a decision which seems to have soundly construed this statute brings us into conflict with appellee's sweeping declaration of its force. Roberts v. Munroe (Tex.Civ.App.) 193 S.W. 734."

In the proceeding before this court, the record shows that the relators, as defendants in the case before Judge McCallum, demanded a jury, the jury fee paid, and the case was placed on the jury docket. Manifestly, the judgment or order of the judge, if allowed to stand, nothing would be left for the jury to decide as to whether the plaintiff was acting in bad faith in demanding the inspection of the records of the corporations. A "mandamus" is a civil action and the parties thereto are entitled, whenever material facts are contested, to a trial of the issue as in other suits.

The relators, under their pleadings, had the right to have a jury trial upon the issue of bad faith; therefore the judge had no jurisdiction to proceed with the trial, render a judgment, or make an order which, if executed, would award to the plaintiff in the case the relief sought, that is, the right to inspect the records of the corporations. Manifestly, the mandamus places an obstacle in the way of a trial and will prevent a trial on the controverted issue of fact when the case is called on the jury docket. There will be nothing on the issue then to try. The plaintiff will then have already obtained a judgment awarding him the relief of inspection he desires, and, if that is not set aside, nothing will be left on the issue for the jury to determine. This deprives the defendants of a trial by jury in contravention of his rights guaranteed under the Constitution and laws of this state.

In granting the mandamus in this case, the action of the judge is tantamount to his refusal to proceed with a trial on the controverted issue, thus conferring jurisdiction on this court perforce of article 1824, R.S.1925, as amended by Acts 1929, c. 33, § 1 (Vernon's Ann.Civ.St. art. 1824), to issue a writ of mandamus to remove the obstacle placed in the way of the trial, which we are compelled under the law to remove by granting the mandamus. However, we are convinced that the action of the district judge and the clerk of his court was in the utmost good faith, and we have no fear but that Judge McCallum will observe the order of this court, by setting aside the mandatory order and recalling the writ; therefore a writ of mandamus will not now be issued out of this court; but, instead, the respondents are directed to set aside the interlocutory order complained of and recall the writ of mandamus issued in the pending suit; no costs will be taxed against either of them; the cost of this proceeding will be taxed against the respondent G. C. Waldrop.