**UVALDE ROCK ASPHALT COMPANY et al., Relators,**

v.

**Hon. Walter LOUGHRIDGE et al., Respondents.**

**No. 14684.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 3, 1968.

Dobbins, Howard & Harris, San Antonio, for appellants.

Denman, Franklin & Denman, Clemens, Knight, Weiss & Spencer, San Antonio, for appellees.

PER CURIAM.

On Petition for Writ of Mandamus.

Relators, Uvalde Rock Asphalt Company, a Texas Corporation, H. Randolph Brown, and William K. Clark, seek a writ of mandamus ordering the Honorable Walter Loughridge, Judge of the 37th District Court of Bexar County, to set aside his interlocutory order for discovery entered in Cause No. F–193984 pending in the District Courts of Bexar County, and to enjoin respondents John H. White, Joella White Bitter et vir, Evelyn White Thomson et vir, and R. L. White, from attempting to act under authority of said order. Relators urge that said order is void and the trial judge is without jurisdiction to cause it to be entered because the effect of said order is to award the plaintiffs in Cause No. F–193984 substantially all of the relief sought by them in said original suit in violation of Relators' constitutional right to a jury trial.

Respondents, except Judge Loughridge, filed Cause No. F–193984, wherein they alleged that they owned 16% of the stock in Relator corporation and prayed for an order directing and enjoining Relators to give them immediate access to all books, records, minutes, records of shareholders and other books and records of the corporation. Relators answered that plaintiffs did not seek said requested order for a "proper purpose" as required by Art. 2.44 of the Texas Business Corporation Act, Vernon's Ann.Civ.St., and timely made their demand for jury trial. Relators thereafter filed motion for discovery under Rule 167, Texas Rules of Civil Procedure, seeking an inspection of the corporation records to aid them in preparing for trial of this cause. On December 26, 1967, the Hon. Walter Loughridge entered an order requiring Relators to produce by January 8, 1968, and permit the inspection by Respondents of the corporation's books, accounts and other material as set forth in sub-paragraphs 1–14 of said order. It is seen that said order requires the production of all corporate records, with the exception of those pertaining to the rock asphalt phase of said corporation, which records could be withheld if this phase could be segregated and separated from the other records of the corporation.

■ The jurisdiction of the Court of Civil Appeals to grant a writ of mandamus is limited to the enforcement or protection of its jurisdiction, or to compel a district judge to proceed to trial and judgment. Arts. 1823, 1824, Vernon's Ann.Civ.St.; Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959); 8 S.W. Law Journal, pp. 389, 393; 38 T.L.R. 638, 641.

Relators urge that this Court has jurisdiction under the provisions of Art. 1824, Vernon's Ann.Civ.St., in that the action of the judge in granting plaintiffs substantially all the relief sought in their original suit leaves nothing to be tried and is tantamount to the judge's refusal to proceed with a jury trial on the controverted issue. See Guaranty Old Line Life Co. v. McCallum, 97 S.W.2d 966 (Tex.Civ.App.—Dallas 1936, no writ); Roberts v. Munroe, 193 S.W. 734 (Tex.Civ.App.—Austin 1917, writ dism'd). It is seen that both of these cases arose prior to the adoption of Rule 167, supra.

■ There is nothing in this record to indicate any refusal on the part of the trial court to try this case and render judgment therein. Rather, Relators seek to have this Court grant a writ of mandamus to overturn the discretion of the trial court in permitting discovery under Rule 167, supra. We have no jurisdiction to grant such relief. Crane v. Tunks, supra.

The petition for writ of mandamus is dismissed for want of jurisdiction.

CADENA, J., not participating.