**UVALDE ROCK ASPHALT COMPANY et al., Relators,**

v.

**Walter LOUGHRIDGE, District Judge et al., Respondents.**

No. B–649.

Supreme Court of Texas.

March 6, 1968.

See also, Tex.Civ.App., 423 S.W.2d 602.

Dobbins, Howard & Harris, William P. Dobbins, San Antonio, for relators.

Clemens, Knight, Weiss & Spencer, Theodore F. Weiss, Denman, Franklin & Denman, San Antonio, for respondents.

SMITH, Justice.

Relators, Uvalde Rock Asphalt Company, H. Randolph Brown, president of the Company, and William K. Clark, secretary of the Company, brought this original mandamus proceeding in this Court to have the trial judge expunge from the record an order for discovery. The sole question before us is whether the trial judge so abused his discretion as to render void his order for discovery which has deprived the Relators of a jury trial on the issue of whether a stockholder has a proper purpose in requesting the right to inspect the records of the corporation. We hold that the Relators' pleadings show that they are entitled to a jury trial on this issue for the reasons to be stated later in this opinion.

A statement of the events leading up to the filing of this proceeding is in order. Respondents, John H. White, Joella White Bitter et vir, and Evelyn White Thomson et vir, Individually and as Independent Executors and Trustees under the wills of Ethel S. White, Deceased, and R. L. White, Deceased, partners doing business under the names "R. L. White Co." and "R. L. White," hereinafter referred to as the Whites, shareholders of record of Uvalde Rock Asphalt Company, made a written demand to inspect the books and records of Uvalde Rock Asphalt Company. The Company, by letter, refused to permit the Whites to inspect the books because "the purposes of the demand, as outlined * * are not proper and to accede to same would not be to the best interest of the Company and its Stockholders."

### WHITES' SUIT IN THE TRIAL COURT FOR MANDAMUS

The refusal of the Company to permit the Whites to inspect the books precipitated the filing of a suit in the trial court by the Whites wherein they sought a writ of mandamus to compel the Company to allow the Whites "immediate access to all books, records, minutes, records of shareholders and other books and records of [the Com-

pany]." The Whites alleged in their mandamus petition that they were stockholders of record and had been for more than six months, owned over five per cent of the stock in the Company, and had proper purposes for wanting to inspect the books; thereby complying with the requirements for inspection of the books by a shareholder as established by Art. 2.44, V.A.T.S. Bus. Corp. Act. The purposes given in the request for inspection were as follows:

"The proper purposes of such examination are: a determination of the causes and reasons for the precipitous decline in profits of the corporation; to assist and help the management of the corporation to reverse the adverse trend of the company's business and operations during recent years; to ascertain the unprofitable aspects of the company's business and operations; to examine generally into all expenditures in order to determine their reasonableness and wisdom; to determine whether excessive compensation is being paid to officers, directors or others close to management; to determine the extent to which stockholders have participated in stockholders' meetings and action taken at such stockholders' meetings, and generally to inquire into the details of the corporation's operations and practices for the purpose of protecting their investment."

### THE COMPANY'S ANSWER

The Company filed an answer in which it alleged facts showing a long but disagreeable relationship between the Whites and Uvalde Rock Asphalt Company. According to the answer, the Whites had improper purposes for wanting to inspect the books; they sought information in order to obtain a competitive advantage in the area in which the Whites and the Company were competitors and in order to be able to continue a program of studied harassment of Uvalde Rock Asphalt Company. According to the Company, the Whites sought to force the Company either to purchase the Whites' stock in the Com-

pany at a grossly inflated price or to sell to the Whites all of the Company's asphalt producing land at a grossly inadequate price. After filing this answer, the Company made a demand for a jury trial on the issue of whether the Whites had proper purposes in seeking to inspect the Company's books.

## THE WHITES' MOTION
## FOR DISCOVERY

Thereafter, and before a trial of the alleged proper purpose issue, the Whites filed a motion for discovery requesting the right to inspect fourteen named items, comprising virtually all of the books and records of the Company. According to the Whites, these records constituted and contained evidence material to the matter involved in this action, and good cause existed for such motion. The Company filed a motion to strike the Whites' motion for discovery on the grounds that if the motion were granted, the Whites would be (in effect) awarded substantially all of the relief sought by them in the main suit and the Company would be denied their constitutional right to a trial by jury on the fact issues raised by their answer. The trial judge granted the motion for discovery and ordered that the Whites be allowed to inspect all fourteen items mentioned in the motion for discovery. The order of the court provided that the Company would not be required to produce and permit the inspection of books, accounts and other material pertaining to the rock asphalt phase of the Company's business. However, "in the event the [Company] is unable to separate and segregate the books, accounts and other records pertaining to its rock asphalt business, the [Company] is ORDERED to produce and permit the inspection of the complete records and accounts of the [Company]."

## THE COMPANY'S ACTION
## IN THIS COURT

Relators filed a petition for writ of mandamus in the Court of Civil Appeals of the Fourth Supreme Judicial District to require Judge Loughridge to expunge his Order of Discovery. The court of civil appeals dismissed the petition for want of jurisdiction. Thereafter, Relators filed an original action in this Court pursuant to Article 1733, Vernon's Annotated Civil Statutes, seeking to have this Court issue a Writ of Mandamus ordering the respondent, Judge Walter Loughridge, to set aside his Order of Discovery as being void and to allow said case to proceed to trial.

Art. 2.44, V.A.T.S. Bus.Corp. Act, provides that any shareholder of record who meets certain qualifications shall have the right to examine "for any proper purpose" the books and records of the Company. A method for the enforcement of the right of inspection or examination of the books and records of a corporation is by mandamus. Moore v. Rock Creek Oil Corporation, 59 S.W.2d 815, 817 (Tex. Comm'n App.1933, jdgmt. adopted); 5 Fletcher Cyc. Corp. § 2251 (perm. ed. rev. repl. 1967). A mandamus action is a civil suit and is generally regulated by the same rules of procedure as other civil actions. Although the right to a jury trial does not exist in all situations where mandamus is applicable, it does exist in the situation where a corporation, in resisting a stockholder's attempt to inspect the books and records, raises by its pleadings a fact issue over whether the stockholder has a proper purpose for wanting to see the books. See Guaranty Old Line Life Co. v. McCallum, 97 S.W.2d 966 (Tex.Civ.App.1936, no writ) and Roberts v. Munroe, 193 S.W. 734 (Tex. Civ.App.1917, writ dism'd). In our view, the Company has raised a fact issue over whether the Whites had a proper purpose to inspect the Company's books. Judge Loughridge, in granting the Whites' motion for discovery, has deprived Relators of a jury trial on the issue of proper purpose since the Whites will receive through the order allowing discovery all of the relief sought in the main suit. Relators are entitled to a writ of mandamus ordering the trial judge to expunge his order for dis-

covery. In so holding, we are not passing upon the merits of the issues drawn by the pleadings in the Whites' suit.

We are certain that the trial judge will proceed in accordance with the law as we have held it to be in this opinion without the necessity of the actual issuance of a writ of mandamus, but in the event he should fail to so proceed, the Clerk will issue the necessary writ so as to render effective the judgment of this Court. All costs are assessed against respondents, John H. White, Joella White Bitter et vir, and Evelyn White Thomson et vir.