**In re DYER CUSTOM INSTALLA-TION, INC., Joseph Geeting, and Susan Lambert, Relators.**

No. 05–04–00416–CV.

Court of Appeals of Texas, Dallas.

May 14, 2004.

Rehearing Overruled June 1, 2004.

Matthew A. Nowak, Levi Glenn McCathern, II, Thomas Richard Stauch, McCathern Mooty Buffington, L.L.P., Dallas, for relators.

Mitchell Madden, Law Office of Mitchell Madden, Kenneth F. Nye, Nye & Associates, for respondent.

Before Justices WHITTINGTON, O'NEILL, and LANG.

## OPINION NUNC PRO TUNC

Opinion by Justice WHITTINGTON.

In this mandamus proceeding, Dyer Custom Installation, Inc., Joseph Geeting,

and Susan Lambert (collectively "DCI") contend the trial judge abused his discretion in granting Craig Dyer's application for writ of mandamus to inspect corporate books and records under article 2.44(D) of the business corporation act. *See* Tex. Bus. Corp. Act Ann. art. 2.44(D) (Vernon Supp.2004). DCI claims it raised a fact issue regarding Dyer's "proper purpose" for the request to inspect the corporate books and records and was entitled to a jury trial on this issue. We conditionally grant in part the petition.

## Background

In January 2001, Dyer and Geeting formed Dyer Custom Installation. Each individual owned fifty percent of the stock in the company. Dyer and Geeting began disagreeing about the business's operations and, on December 10, 2003, Dyer resigned as president and director of the company. That same day, Dyer served a request on DCI to inspect the corporate books and records under article 2.44(C) of the business corporation act. The request encompassed "all books and records" of DCI and listed seven categories of items, with item six having multiple parts. DCI denied Dyer's request.

Dyer then filed an original petition seeking damages under various causes of action and an application for writ of mandamus to compel inspection of DCI's corporate records and books. DCI responded, filing a motion to transfer venue and, subject to that motion, an answer in which DCI claimed Dyer sought inspection for an improper purpose under article 2.44(D). DCI also raised various affirmative defenses, including that Dyer sought the information to (i) gain a competitive advantage; (ii) harass officers and directors to gain "shareholder capital" or dissolve the

business; (iii) force DCI to purchase his stock at an inflated price; (iv) gain the upper hand in litigation; and (v) continue to interfere with DCI's business relations and contracts in an attempt to dissolve the company. DCI also alleged Dyer acted with malice and in bad faith and filed special exceptions, and a request for sanctions. DCI demanded and paid the fee for a jury trial, alleging Dyer "failed to allege a proper purpose for inspection of DCI's books and records" and was seeking the information "for an improper purpose."

Geeting was the only witness who testified at the hearing on the application for writ of mandamus. He testified Dyer had mismanaged the company, had and continued to embezzle from the company, continued to hold himself out as a representative of the company after resigning or being fired from all positions with the company, made disparaging remarks about the company to its customers, was in competition with the company, and had vowed to "shut [the company] down." After the hearing, the trial judge ordered DCI to turn over all records requested. DCI then filed this petition, alleging the trial judge abused his discretion in ordering the documents turned over without first holding a jury trial on the issue of proper purpose under article 2.44(D).

## Standard of Review

■ We review a petition for writ of mandamus under a clear abuse of discretion standard. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). A clear abuse of discretion occurs when the trial judge errs in analyzing or applying the law to the facts or the trial judge has but one reasonable decision and does not make that decision. *Walker*, 827 S.W.2d at 840.

### ARTICLE 2.44

DCI contends the trial judge erred in granting Dyer relief and ordering production of the requested documents without holding a jury trial on the issue of proper purpose. Under this argument, DCI claims it raised a fact issue on whether Dyer had a proper purpose for demanding production and inspection of the requested documents. By raising a fact issue, DCI argues it was entitled to a jury trial on the issue.

■ Article 2.44(C) provides that a person who has been a shareholder for at least six months or owns at least five percent of the stock has the right to inspect the corporate books and records "for any proper purpose." TEX. BUS. CORP. ACT ANN. art. 2.44(C) (Vernon Supp.2004). If a corporation denies the shareholder's request to inspect the records, the shareholder may file a petition for writ of mandamus requesting that the trial judge order the corporation to allow inspection of its records. See TEX. BUS. CORP. ACT ANN. art. 2.44(D); Uvalde Rock Asphalt Co. v. Loughridge, 425 S.W.2d 818, 820 (Tex. 1968) (orig.proceeding). It is a defense to such a petition for writ of mandamus that the requestor:

> has within two (2) years sold or offered for sale any list of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation or has aided or abetted any person in procuring any list of shareholders or of holders of voting trust certificates for any such purpose, or has improperly used any information secured through any prior examination of the books and records of account, minutes, or share transfer records of such corporation or any other corporation, or

was not acting in good faith or for a proper purpose in making his demand.

TEX. BUS. CORP. ACT ANN. art. 2.44(D). If the corporation pleads sufficient facts to raise an issue on the shareholder's proper purpose in seeking the inspection, it is entitled to a jury trial on the issue. Uvalde, 425 S.W.2d at 820 (right to jury trial exists "where a corporation, in resisting a stockholder's attempt to inspect the books and records, raises by its pleadings a fact issue over whether the stockholder has a proper purpose for wanting to see the books."); Guaranty Old Line Life Co. v. McCallum, 97 S.W.2d 966, 968 (Tex.Civ. App.-Dallas 1936, orig. proceeding) ("relators, under their pleadings, had the right to have a jury trial upon the issue of bad faith"); see Chavco Inv. Co., Inc. v. Pybus, 613 S.W.2d 806, 808–09 (Tex.Civ.App.- Houston [14th Dist.] 1981, writ ref'd n.r.e.). The supreme court has held that allegations sufficient to entitle a responding corporation to a jury trial on the issue of proper purpose include that the requesting shareholders (i) sought the information to obtain a competitive advantage in an area where the shareholders and the corporation were competitors, (ii) wanted to continue a program of harassment of the corporation, and (iii) wanted to force the company to purchase their stock at a grossly inflated price or to sell the shareholders a part of the corporation's business at an inadequate price. Uvalde 425 S.W.2d at 819–20. This Court has similarly concluded allegations that the shareholders (i) did not act in good faith, (ii) were part of a conspiracy to obtain control of the corporation for the purpose of unlawfully inflating capital stock and selling it to unsuspecting purchasers, and (iii) were attempting to control the company by making false statements about the company and its officers were sufficient to

obtain a jury trial. *Guaranty*, 97 S.W.2d at 967–68.

■ DCI contends the trial judge abused his discretion in ordering inspection under article 2.44 without first holding a jury trial because DCI pleaded sufficient facts to raise an issue on Dyer's proper purpose in seeking the inspection. DCI further argues the pleadings in conjunction with evidence presented at the hearing clearly raised a fact issue on whether Dyer's request had a proper purpose. Before reaching the merits of DCI's complaint, however, we must first address Dyer's argument that DCI is not entitled to any relief because the company already turned over the majority of the documents requested and has since agreed to turn over the remaining documents. During the hearing, Geeting testified DCI previously turned over the information requested in items one through four. Geeting agreed to look for and turn over the document listed in item five. Item six contains six separate categories, including items (a) any and all tax returns filed by the corporation and (b) monthly financial statements. Geeting testified Dyer had the documents listed in (a), and he agreed to turn over monthly financial statements or summaries provided that any client or customer names were redacted. Geeting did not agree to turn over the remaining items requested in six (c), (d), (e), or (f). Regarding the documents requested in item seven, the record is silent. We conclude DCI waived its right to a jury trial for items one through five and items six(a) and six(b) by turning over or agreeing to turn over those documents to Dyer. We conclude DCI has not waived its right to jury trial on the remaining documents listed in item six or the documents listed in item seven.[1] We now address whether the trial judge abused his discretion in denying DCI a jury trial on proper purpose.

■ In response to Dyer's original petition and application for writ of mandamus, DCI filed an answer alleging Dyer was not acting in good faith or for a proper purpose in making his demand for books and records. Two months prior to the request, Dyer resigned as president of the corporation. Thus, he had access to all the documents requested until the time he resigned. DCI alleged Dyer wanted access to the information to (i) gain a competitive advantage in that particular marketplace, (ii) harass DCI and its officers and directors in an attempt to gain control of the company or dissolve it, or (iii) force DCI to purchase his stock at a grossly inflated price or to force all other shareholders to sell their stock at a grossly inadequate price. DCI also alleged that Dyer, with the intent and purpose of interfering with DCI's business relations and contracts in an attempt to dissolve DCI, had: (i) within two years sold or offered for sale a list of shareholders and/or of holders of voting trust certificates for shares of DCI, (ii) aided or abetted someone in procuring a list of shareholders and/or holders of voting trust certificates, and (iii) improperly used information secured through a prior examination of the books and records of account, minutes, or share transfer records of DCI. During the hearing, Geeting testified about specific instances of Dyer's improper cash payments to himself and oth-

1. Dyer also contends DCI is not entitled to relief because the trial judge reserved trial on the issue of proper purpose. We note, however, that the order grants Dyer's request and orders DCI to turn over all information requested, except for any client/customer information. The order does not expressly reserve any issue for jury trial. Because the order grants Dyer all the relief he requested, it leaves no issue for the jury to decide.

ers, failure to maintain financial records, conduct detrimental to the company, and threats to put the company out of business. This testimony, along with DCI's answer, is sufficient to raise a fact issue as to Dyer's proper purpose. *See Uvalde*, 425 S.W.2d at 819–20; *Guaranty*, 97 S.W.2d at 967–68. Therefore, we conclude the trial judge abused his discretion in not ordering a jury trial as to Dyer's proper purpose on requests six and seven.

### ADEQUATE REMEDY

■ Finally, we must determine whether DCI has shown it does not have an adequate remedy at law for the denial of a jury trial in this case. Although relief by writ of mandamus is generally not available to review the denial of a jury trial, special circumstances may mandate that we remedy the trial judge's actions by writ of mandamus. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex.1997) (orig.proceeding) (holding special circumstances existed to grant relief from denial of jury trial when court needed to issue writ of mandamus to correct discovery rulings on crash tests of product involved in suit). In the case before us today, the trial judge's action does more than just deny a jury trial—it orders documents produced.

In *Walker*, the supreme court ruled there is no adequate remedy at law if (i) an appeal would not be able to cure the discovery error; (ii) the ability to present a viable claim or defense is "vitiated or severely compromised;" or (iii) the trial judge disallows discovery that cannot be made part of the appellate record or refuses to allow discovery to be made part of the record. Mere delay, inconvenience, or expense of appeal is insufficient. *See Walker*, 827 S.W.2d at 843–44. Requiring DCI to wait until after trial on the merits, and after inspection, to pursue its complaint that it was wrongfully denied a jury trial would cause it to lose the remedy it seeks. This Court would be unable to cure the error because, even were we to rule DCI was entitled to a jury trial, the inspection would have been done and the issue moot. Additionally, allowing inspection before jury trial severely compromises or vitiates DCI's ability to present its claim or defense in a jury trial; again, all issues for the trial would be moot. Thus, we conclude there is no adequate remedy at law from the order in this case and writ of mandamus is the only available remedy. *See Uvalde*, 425 S.W.2d at 820 (trial judge abused his discretion in denying company's request for jury trial on issue of proper purpose and granting shareholders' motion for discovery; company was entitled to mandamus relief because shareholders would receive, through trial court's order, discovery of all relief sought in main suit).

Accordingly, we deny the petition with respect to items one through five and items six (a) and six(b). We conditionally grant the petition for writ of mandamus as to Dyer's proper purpose on all remaining items in six and seven. We order the trial judge to vacate his order of March 25, 2004 with respect to items six (c), (d), (e), and (f) and item seven within thirty days of the date of this opinion. We order the trial judge to file a certified copy of its order in compliance with this opinion within thirty days of the date of this opinion with this Court. Should the trial judge fail to do so, the writ will issue.