MEMORANDUM OPINION

 

No. 04-10-00360-CV

 

BIOLUSTRE' INC.,

Appellant

 

v.

 

HAIR VENTURES LLC,

Appellee

 

From the 288th
Judicial District Court, Bexar County, Texas

Trial Court No. 2010-CI-00217

Honorable Barbara
Hanson Nellermoe, Judge Presiding[1]

 

Opinion by:   Catherine Stone, Chief Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Phylis
J. Speedlin, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  February 16, 2011

 

AFFIRMED

 

Biolustre’ Inc. appeals
the trial court’s order granting Hair Ventures LLC’s request for a writ of
mandamus to compel Biolustre’ to produce its books and records for inspection. 
Biolustre’ asserts the trial court’s order was erroneous because the great
weight and preponderance of the evidence established: (1) Hair Ventures had
improperly used information obtained from a previous examination of Biolustre’s
books and records; and (2) Hair Ventures was not acting in good faith or for a
proper purpose in requesting the examination.  Biolustre’ also asserts the
trial court erred in admitting a “business agreement” into evidence.  We affirm
the trial court’s judgment.

Procedural Background

Hair Ventures owns
3,000,000 shares of Biolustre’s stock.  On November 2, 2009, Hair Ventures sent
Biolustre’ a written demand for an examination of Biolustre’s books and records
as permitted by Texas law.  After Biolustre’ failed to respond to the demand,
Hair Ventures filed a petition for writ of mandamus in the trial court, seeking
to compel the examination.  Since neither party requested a jury trial, a bench
trial was held, and the trial court signed an order directing Biolustre’ to
produce its books and records for fiscal years 2007 through the date of
production.  The trial court subsequently entered written findings of fact and
conclusions of law in which the trial court found Hair Ventures had a proper
purpose for seeking the inspection of the company’s books and records.

Standard of Review

If a corporation denies a
shareholder’s request to inspect the corporation’s books and records, the
shareholder may file a petition for writ of mandamus requesting that the trial
judge order the corporation to allow an inspection of its records.  Uvalde
Rock Asphalt Co. v. Loughridge, 425 S.W.2d 818, 820 (Tex. 1968); In re
Dyer Custom Installation, Inc., 133 S.W.3d 878, 881 (Tex. App.—Dallas 2004,
orig. proceeding); see also Tex.
Bus. Orgs. Code Ann. 
§ 21.218 (West 2010) (giving shareholder right to examine books and records). 
Generally, the granting of mandamus relief is subject to the trial court’s
discretion and would be reviewed for an abuse of discretion.  Moore v. Rock
Creek Oil Corp., 59 S.W.3d 815, 817 (Tex. Comm’n App. 1933, judgm’t
adopted).  “[W]here a corporation, in resisting a stockholder’s attempt to
inspect the books and records, raises by its pleadings a fact issue over
whether the stockholder has a proper purpose for wanting to see the books,” the
corporation is entitled to a jury trial on that issue.  Uvalde Rock Asphalt
Co., 425 S.W.2d at 820; see also In re Dyer Custom Installation,
Inc., 133 S.W.3d at 881.  Accordingly, when a finding regarding the
shareholder’s purpose in requesting an inspection is challenged on appeal, we
review the sufficiency of the evidence to support the finding.  

When reviewing a legal sufficiency or “no evidence”
challenge, we determine “whether the evidence at trial would enable reasonable
and fair-minded people to reach the verdict under review.”  City of
Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005).  We view the evidence in the light favorable to the verdict,
crediting favorable evidence if reasonable jurors could and disregarding
contrary evidence unless reasonable jurors could not.  Id.  Appellate courts will sustain a legal sufficiency
or “no evidence” challenge when: (a) there is a complete absence of evidence of
a vital fact; (b) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact; (c) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (d)
the evidence conclusively establishes the opposite of the vital fact.  Merrell
Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).  By contrast, when reviewing a factual sufficiency
challenge, we consider and weigh all the evidence supporting and contradicting
the finding.  Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  We set aside the
finding only if the evidence is so weak or if the finding is so against the
great weight and preponderance of the evidence that it is clearly wrong and
unjust.  Dow Chem. Co. v. Francis,
46 S.W.3d 237, 242 (Tex. 2001).  The trier of fact is the sole judge “of the
credibility of the witnesses and the weight to give their testimony.”  City
of Keller, 168 S.W.3d at 819.

Discussion

As previously noted, a shareholder has a right to
inspect the books and records of a corporation.  Tex. Bus. Orgs. Code Ann. § 21.218
(West 2010).  A corporation may defend
against an action by a shareholder seeking to inspect its books and records by
establishing that the shareholder: (1) has improperly used information obtained
through a prior examination; or (2) was not acting in good faith or for a
proper purpose in making the request for examination.  Tex. Bus. Orgs. Code Ann. § 21.221(3),
(4).  Although Biolustre’ makes reference to both of these defenses in its
answer, it does not affirmatively plead that Hair Ventures obtained information
through a prior examination.[2] 
See Uvalde Rock Asphalt Co., 425 S.W.2d at 820 (corporation must raise
fact issue on defense in pleadings); Moore, 59 S.W.2d at 818 (noting
corporation must plead defense); In re Dyer Custom Installation, Inc.,
133 S.W.3d at 881 (noting corporation must plead sufficient facts to raise
defense).  Accordingly, the only defense properly presented at trial was
whether Hair Ventures was making the request in good faith and for a proper
purpose.  As a result, Biolustre’s first issue regarding improper use of
information obtained through a prior examination is overruled.

Stanka Woods is the manager and sole member of Hair
Ventures.  In addition to Hair Ventures owning 3,000,000 shares of Biolustre’s
stock, Woods also had loaned Biolustre’ approximately $440,000, of which only
$10,500 has been repaid.  In 2005 and 2006, Woods worked for Biolustre’ as
international sales manager and director of finance.  Woods had not received
notice of any annual shareholders meetings and had not received any annual
fiscal reports since 2006.  Woods also never received notice of a shareholders
meeting to discuss and vote on a public offering of Biolustre’s stock.  Woods
stated that she did not intend to harm the company, but wanted to examine the
books to obtain information regarding “what’s going on with the company.”  On
cross-examination, Woods testified that she was unaware of whether her
boyfriend, Daniel Davila, contacted other shareholders to complain about
Biolustre’s general operations.  Woods testified that she would maintain the
confidentiality and privacy of any shareholder list that was made available to
her for examination.

Leonard Buchanan, the company’s chief operating
officer, admitted that he had received Hair Ventures’s demand to inspect the company’s
books and records.  Buchanan stated that Biolustre’ did not hold a shareholders
meeting in 2006, 2007, or 2008, but had sent a shareholder review and report by
email.  Buchanan testified “that according to our bylaws, we send out investor
reports and those act as our shareholder meetings.”  Buchanan testified that
the shareholders were emailed an update regarding the public offering which
allowed the shareholders to respond, and no negative feedback was received. 
Buchanan stated, “All shareholders were in favor of moving forward with this.” 
Buchanan further testified, “there has a — a vote to move forward by the
majority shareholders, which are myself and Mr. Mata, and all other
shareholders have been informed of the direction that the company was going
in.”  Buchanan explained that the minority shareholders “were allowed to state
their opinion.”  Buchanan testified that the concern with allowing Woods access
to shareholder information was potential misuse of the information by Davila. 
Buchanan did not believe that the shareholder information would remain
confidential if it was disclosed to Woods.

Two other Biolustre’ shareholders testified.  Roy
Lane became a shareholder of Biolustre’ in May of 2006.  In November of 2009,
Davila told Lane that Buchanan and Michael Mata, the company’s chief executive
officer, were trying to do things with the company that Davila did not want
them to do.  Davila told Lane that he planned to set up an investor meeting to
discuss the company’s operations in England and to prevent the public offering
of the company’s shares.  Lane had never received a notice of an annual
shareholders meeting, but had received newsletters regarding the company’s
progress.  Lane did not recall receiving any information about the company making
a public offering of its stock.  Lane did not attend a shareholder meeting to
vote on a public offering.

Guadalupe Moreno also became a shareholder of
Biolustre’ in 2006.  In the year before trial, Davila had contacted Moreno
several times about participating in a class action lawsuit.   Davila told
Moreno that the chief financial officer and chief operating officer were
stealing money from the shareholders and using it for their own purposes. 
Specifically, Davila told Moreno that the company’s money was being misused on
traveling expenses.  Moreno stated that he had not spoken with Woods.  Moreno
was unaware of whether he voted in reference to the public offering.

After hearing the evidence, the trial court found
that Hair Ventures had a proper purpose for seeking the inspection.  All of the
shareholders testified that they had not received notice of a meeting to vote
on the public offering of Biolustre’s stock.  Woods also testified that she had
not received any financial information regarding the company since 2006.  In
view of Hair Ventures’s substantial investment and interest in the company,
obtaining information about the financial position of the company and its
proposed public offering was a proper purpose for inspecting the records. 
Although the trial court heard testimony regarding Davila’s contact with other
shareholders, the trial court could properly have found that Davila’s conduct
should not prevent Hair Ventures from exercising its right as a shareholder to
inspect the corporation’s books and records.  See Moore, 59 S.W.2d at 819 (holding motive of non-shareholder
could not be fairly imputed to shareholders requesting inspection).  Moreover,
being on unfriendly terms with a company and an intention to communicate the
information obtained during the inspection with other stockholders are not
proper reasons for denying a shareholder the right to inspect a corporation’s
books and records.  See id. at
818-19.  Finally, the trial court was in the best position to evaluate the
“tenor” of the witnesses’ testimony regarding the nature of Davila’s contacts
with them and is the sole judge of the weight to give their testimony.  See
City of Keller, 168 S.W.3d at 819.  Accordingly,
we conclude the evidence is legally and factually sufficient to support the
trial court’s finding that Hair Ventures had a proper purpose for seeking the
inspection, and Biolustre’s second issue is overruled.

In its third issue, Biolustre’ complains of the trial
court’s admission of a “business agreement” into evidence.  Although Biolustre’
lists the issue as being presented for review, Biolustre’s brief contains no
argument or cited authorities pertaining to the issue as required to properly
present the issue for appellate review.  Tex.
R. App. P. 38.1(i).  Moreover, the agreement is not contained in the
record presented to this court.  Finally, although the testimony established
that the agreement gave Woods additional rights with regard to reviewing the
company’s books, no evidence was presented to establish that the agreement
affected Hair Ventures’s right to examine Biolustre’s books and records
pursuant to the Texas Business Organizations Code.  Accordingly, Biolustre’s
third issue is overruled.

Conclusion

The trial court’s order is affirmed.

 

Catherine Stone, Chief Justice









[1]
The Honorable Olin Strauss presided over the hearing in the underlying cause,
verbally pronounced a ruling, and entered the findings of fact and conclusions
of law.  The Honorable Barbara Hanson Nellermoe signed the written mandamus
order.





[2]
We also note that no evidence was presented that Hair Ventures had previously
examined the company’s books and records pursuant to section 21.218 of the
Texas Business Organizations Code.