**CONDITIONALLY GRANT IN PART AND DENY IN PART and Opinion**
**Filed February 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00767-CV**

**IN RE PEPPERSTONE GROUP LIMITED, Relator**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-09573**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Garcia

Relator Pepperstone Group Limited seeks mandamus relief from a trial court's

order compelling Pepperstone to produce certain documents. For the reasons stated

below, we conditionally grant Pepperstone's mandamus petition in part and deny the

remainder.

## I.    Background

This original proceeding arises from a lawsuit in which real party in interest

Shankar Prasad Das is suing Pepperstone on several legal theories, including

quantum meruit and violations of Chapter 54 of the Texas Business and Commerce

Code. Das alleges that Pepperstone is "an online Foreign Exchange and Contracts for Difference Broker," and he claims that Pepperstone owes him unpaid commissions for work he performed for Pepperstone.

In June 2021, the parties filed a Rule 11 agreement containing certain discovery agreements.

On July 26, 2021, Das filed a motion to compel Pepperstone to produce four categories of documents that Das claimed to be entitled to under his discovery requests and the Rule 11 agreement. A few hours later, Das refiled the motion as an emergency motion. On August 6, 2021, Pepperstone filed a joint response to both motions, and Das filed a reply later that same day.

On August 9, 2021, the trial judge held a non-evidentiary hearing on Das's emergency motion to compel. The judge later signed an order granting Das's emergency motion.

Pepperstone then filed a petition for writ of mandamus in this Court seeking relief from the trial court's order. Das responded. Pepperstone did not file a reply.

## II. Mandamus Standard

To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see also Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"A clear abuse of discretion occurs when the trial judge errs in analyzing or applying the law to the facts or the trial judge has but one reasonable decision and does not make that decision." *In re Dyer Custom Installation, Inc.*, 133 S.W.3d 878, 880 (Tex. App.—Dallas 2004, orig. proceeding).

### III. Analysis

### A. Did Pepperstone fail to address all possible grounds for the trial court's order?

Das argues that we should deny Pepperstone's petition without reaching the merits because Pepperstone does not address one potential ground for the trial court's order—Pepperstone filed its response to Das's motions to compel late. *See In re Baker*, No. 05-17-01205-CV, 2017 WL 4928192, at *1 (Tex. App.—Dallas Oct. 31, 2017, orig. proceeding) (mem. op.) (denying mandamus relief because relator did not address all possible grounds for the relief granted); *cf. Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). We disagree.

Although Das's trial-court reply brief contained an objection that Pepperstone's response was late under the local rules, he asked only that the trial court not consider Pepperstone's response in ruling on the motion to compel. Das did not contend that his timeliness objection was an independent "ground" for granting his motion to compel. Accordingly, we reject Das's argument.

**B.      Issue One: Skype Chat Logs and Email Inboxes**

The trial court's order contains four discrete provisions, each requiring Pepperstone to produce one category of documents. Pepperstone's first issue on mandamus concerns these two provisions:

> IT IS ORDERED that [Pepperstone] shall produce Nashith Wadud's email inbox and skype chat logs, or explain the exact date and circumstances of their destruction . . . .
>
> . . . .
>
> IT IS ORDERED that [Pepperstone] shall produce Shankar Das's email inbox and skype chat logs, or explain the exact date and circumstances of their destruction . . . .

In its first issue, Pepperstone argues that the trial court clearly abused its discretion by making these orders.

**1.      Skype Chat Logs**

As to Das's and Wadud's Skype chat logs, Pepperstone argues

1.      Das's motion to compel did not identify any request for production that asked for a Skype log or an explanation for its destruction;

2.      Das's requests for production were not attached to his motion to compel; and

3.      Das did not request production of the Skype chat logs.

As discussed below, we agree with Pepperstone in part.

Pepperstone is correct that Das's motion to compel does not have Das's requests for production attached or identify any specific requests for production that sought the Skype chat logs. However, with regard to the logs, the motion states that

it will "address the simplest Requests for Production first," thereby giving Pepperstone notice that Das intended to rely on his requests for production as well as the parties' Rule 11 agreement, which was attached. Moreover, Das attached his requests for production to his trial-court reply brief, which Das filed before the hearing and before the trial court ruled. These requests included the following:

**REQUEST FOR PRODUCTION NO. 1:** All Documents and Communications between [Pepperstone] and Shankar Das.

. . . .

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications between [Pepperstone] and Nashith Wadud.

. . . .

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications relating to or regarding Shankar Das's relationship with [Pepperstone].

. . . .

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications relating to or regarding Nashith Wadud.

The trial court reasonably could have concluded that these requests were broad enough to encompass Wadud's and Das's Skype chat logs. Thus, the trial court's order compelling production of the logs was authorized by rule and was not an abuse of discretion. *See* TEX. R. CIV. P. 215.1(b) ("[T]he discovering party may

move for an order compelling . . . inspection or production **in accordance with the request** . . . .") (emphasis added).[1]

However, none of Das's requests sought an explanation for the destruction of any Skype logs. Nor did Pepperstone agree to produce such an explanation in the parties' Rule 11 Agreement. A trial court abuses its discretion if it compels discovery that has not been requested.[2] *In re Methodist Primary Care Grp.*, 553 S.W.3d 709, 721 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).

Accordingly, we conclude that the trial court abused its discretion to the extent it ordered Pepperstone to produce an explanation for the destruction of Das's and Wadud's Skype chat logs. Mandamus is the proper remedy for this error. *See In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (per curiam) (orig. proceeding) ("A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy.").

### 2.    Email Inboxes

Pepperstone concedes that Das requested Das's and Wadud's email inboxes in discovery. Nevertheless, it argues that the trial court abused its discretion by ordering Pepperstone to produce them because:

---

[1] In its mandamus petition, Pepperstone does not mention that the requests for production were attached to Das's reply brief or complain that Pepperstone received insufficient notice of Das's reliance on those requests.

[2] Additionally, although Pepperstone does not mention it, we note that Texas courts have held that "parties cannot be forced to create documents that do not exist for the sole purpose of complying with a request for production." *In re Preventative Pest Control Houston, LLC*, 580 S.W.3d 455, 460 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding).

1.    Das's motion to compel production of the inboxes was not based on Das's discovery requests; it was based on the Rule 11 agreement, which did not mention the inboxes;

2.    Das did not ask the trial court to rule on "any objections that Pepperstone may have lodged" to Das's discovery requests; and

3.    the trial court ordered Pepperstone to produce the email inboxes within ten calendar days, which was not a deadline provided for in the Rule 11 agreement.

We reject Pepperstone's arguments.

Just as with the Skype chat logs, Das's motion to compel informed Pepperstone that, with respect to the email inboxes, he was relying on his requests for production as well as the parties' Rule 11 agreement, and Das's trial-court reply brief supplied the requests themselves. Thus, Pepperstone's first argument is without merit.

Next, Pepperstone argues that Das was obliged to address Pepperstone's objections, if any, as part of his motion-to-compel burden. Pepperstone cites no authority in support, so we reject this contention. *See* TEX. R. APP. P. 52.3(h) (mandamus petition's argument must contain "appropriate citations to authorities").

Finally, Pepperstone complains about the ten-day deadline the trial court set for production of the email inboxes because the parties' Rule 11 agreement does not contain such a deadline. However, the Rule 11 agreement does not address the email inboxes at all, so its provisions are not relevant. Pepperstone cites no rule or case holding that a ten-day deadline was unlawful or unreasonable. We conclude

–7–

Pepperstone has not shown that the ten-day deadline was an abuse of discretion. *See id*.

### 3.     Conclusion

We sustain issue one with regard to the trial court's order compelling Pepperstone to produce an explanation for the destruction of Wadud's and Das's Skype chat logs. We overrule the remainder of issue one.

### C.     Issue Two: Insurance Policies and Client Trading History

Pepperstone's second issue on mandamus concerns these two provisions:

> IT IS ORDERED that [Pepperstone] shall produce complete client trading history and commissions paid between 2012 to 2019 that Shankar Das and Nashith Wadud onboarded between the years of 2012 to 2015, which is inclusive of the sub-accounts that said clients traded on behalf of . . . .
>
> . . . .
>
> IT IS ORDERED that [Pepperstone] shall produce Pepperstone's Insurance Policies covering global operations between 2012 to the Present . . . .

Pepperstone attacks the insurance order first, so we address it first.

### 1.     Insurance Policies

Pepperstone argues that the part of the order concerning insurance policies was an abuse of discretion because it requires Pepperstone to produce more insurance policies than Pepperstone agreed to produce in the Rule 11 agreement. We disagree for the following reasons.

We begin with the language of the parties' Rule 11 agreement. The agreement says:

–8–

> [Pepperstone] agrees to produce its insurance policies, including but not limited to professional liability insurance policies – relevant then and now[.]

Citing *Fiess v. State Farm Lloyds*, 202 S.W.3d 744 (Tex. 2006), Pepperstone contends that the reference to professional liability insurance policies means that Pepperstone agreed to produce only insurance policies akin to professional liability insurance policies. *See id*. at 750 (invoking canon of construction *noscitur a sociis*—"that a word is known by the company it keeps"). But Pepperstone's argument ignores the words "including but not limited to," which precede "professional liability insurance policies." Reading the agreement's insurance provision as a whole, the trial court could have reasonably concluded (1) that Pepperstone had agreed to produce all of its relevant insurance policies and (2) that the parties included the "professional liability insurance policies" proviso to emphasize Pepperstone's duty to produce those particular policies—not to limit Pepperstone's duty of production.

Pepperstone also argues that not all insurance policies covering its global operations from 2012 to the present are "relevant then and now" because Pepperstone is an Australian company and Das's claims concern "a particular set of events in Texas." Das responds that broad order is justified because the lawsuit covers trading activity all over the world and because he worked with an international client base. The Rule 11 agreement itself contains nothing to illuminate the meaning of "relevant then and now," but Das's second amended petition

provides some support for Das's position. For example, Das alleges that (1) until 2019, Pepperstone's website listed locations in Australia, London, and Dallas, (2) Pepperstone had a "Head of . . . Latin America Operations," and (3) in 2015, "one of Pepperstone's servers was onboarding Japanese clients." Das also attached affidavits to his second amended petition indicating that he had clients in the United Kingdom and New Zealand, with at least one going back to 2012. We conclude that the trial court acted reasonably by ruling that the open-ended phrase "relevant then and now" encompassed Pepperstone's insurance policies "covering global operations between 2012 to the Present."

Pepperstone has not shown that the insurance portion of the order was an abuse of discretion.

### 2. Client Trading Histories

Finally, Pepperstone argues that the trial court abused its discretion by ordering it to produce "complete client trading history and commissions paid between 2012 to 2019 that Shankar Das and Nashith Wadud onboarded between the years of 2012 to 2015, which is inclusive of the sub-accounts that said clients traded on behalf of." Pepperstone contends that this order is erroneous because it required production that (1) was beyond the terms of the Rule 11 agreement and (2) exceeded the bounds of relevance to Das's claims.

Das responds that Pepperstone was obligated to produce these materials by Das's requests for production (specifically requests 10, 16, 17, and 18), which Das

put before the trial court by attaching them to his reply brief. Unlike Pepperstone's argument concerning the Skype chat logs, Pepperstone's argument concerning customer trading histories and commissions does not address Das's requests for production. Because the trial court could have concluded that the trading-history and commission information that Das sought to compel was requested in those requests for production, Pepperstone has not shown a harmful abuse of discretion. *See In re Baker*, 2017 WL 4928192, at *1.

### 3. Conclusion

We overrule issue two.

## IV. Disposition

We conditionally grant in part the petition for writ of mandamus and direct the trial court to vacate its August 24, 2021 Order Granting Plaintiff's First Emergency Motion to Compel Compliance with Rule 11 Discovery Deadlines to the extent that the order compels Pepperstone to explain the exact date and circumstances of the destruction of Nashith Wadud's Skype chat logs and Shankar Das's Skype chat logs. Otherwise, we deny the petition for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210767F.P05