**CONDITIONALLY GRANT and Opinion Filed October 12, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00914-CV**

**IN RE SONIA HENRIQUES, RELATOR**

**Original Proceeding from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-54214-2020**

# MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Garcia

In this original proceeding, Mother seeks a writ of mandamus to compel the trial court to enter an order transferring her case to the district court in Grayson County. We conditionally grant the writ because transfer is mandatory.

## I. BACKGROUND

On October 28, 2021, the Collin County district court entered a modification order that named Father sole managing conservator of the parties' child, named Mother possessory conservator, and limited Mother's possession of the child to supervised visits. Mother appealed the October 2021 order and her appeal is pending in this Court.

On July 12, 2022, Mother filed a petition to modify the parent–child relationship and a motion to transfer venue to Grayson County. In her modification action, Mother seeks to be appointed joint managing conservator and to be allowed additional access to the child. Mother alleges, and it is uncontested, that the child had lived in Grayson County for over six months prior to Mother's filing the petition to modify.

Father did not file an affidavit controverting the child's residence in Grayson County. Instead, he requested the Collin County district court to dismiss Mother's petition. According to Father, Mother failed to file a supporting affidavit as required by Texas Family Code § 156.102. He also contended that allowing Mother's case to move forward would have a profound impact on this Court's jurisdiction.

On August 17, 2022, Mother submitted a proposed Order Transferring Suit Affecting Parent–Child Relationship. On August 29 and September 6, Mother's counsel emailed a request for an update from the Collin County district court on the status of the proposed order. The August 29 email specifically notified the court that August 29 was the deadline for the court to transfer the case. On September 7, the Collin County district court emailed the parties with dates upon which Father's motion to dismiss could be set. Mother alleges that Father's motion to dismiss is set for October 10, 2022.

Mother filed a petition for writ of mandamus asking us to compel the Collin County district court to transfer the case to the Grayson County district court. We requested Father to file a response; however, he did not.

## II.   MANDAMUS STANDARD

To be entitled to mandamus relief, the relator must show that the trial court abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding).

"A clear abuse of discretion occurs when the trial judge errs in analyzing or applying the law to the facts or the trial judge has but one reasonable decision and does not make that decision." *In re Dyer Custom Installation, Inc.,* 133 S.W.3d 878, 880 (Tex. App.—Dallas 2004, orig. proceeding).

## III.   ANALYSIS

### A.   Mandamus relief in SAPCR venue determinations

Texas courts have consistently held that mandamus is proper when a trial court fails to compel mandatory transfer in a suit affecting the parent–child relationship. *In re T.H.*, 650 S.W.3d 224, 231–32 (Tex. App.—Fort Worth 2021, orig. proceeding).

### B.   Issue one: Trial court's failure to transfer to Grayson County

Section 155.201(b) of the Family Code provides that the court of continuing, exclusive jurisdiction shall "transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE

–3–

ANN. § 155.201(b). This provision is mandatory. *Proffer v. Yates*, 734 S.W.2d 671, 672 (Tex. 1987) (per curiam) (orig. proceeding) (construing predecessor statute to § 155.201); *In re Turner*, No. 05-02-01174-CV, 2002 WL 1933241, at *1 (Tex. App.—Dallas Aug. 22, 2002, orig. proceeding [mand. denied]) (mem. op., not designated for publication). If a timely motion to transfer is filed and no controverting affidavit is filed within the period allowed, the proceeding shall be transferred without a hearing to the proper court. FAM. § 155.204(c).

Father's deadline to file a controverting affidavit was August 8, 2022. *See id*. § 155.204(d). He did not file one. Once Father's deadline passed, the trial court had a ministerial duty to grant the motion to transfer within 21 days—in this case, by August 29, 2022. *Id*. § 155.204(c). Even though Mother notified the trial court of that fact, the court has not transferred the case and has instead set the case for a hearing on Father's motion to dismiss.

The undisputed evidence shows that the child lived in Grayson County on the date the petition was filed and during the six-month period preceding the commencement of the suit. Under these circumstances, transfer is mandatory. We sustain Mother's first issue.

## C.    Issue two: Trial court's authority to dismiss case

Mother makes three contentions under her second issue: (1) her petition to modify may proceed even though the prior SAPCR order is still on appeal; (2) Father's dismissal motion is "inappropriate" and without merit; and (3) the Collin

County district court lacks authority to grant Father's dismissal motion because that would not be a temporary order permitted by § 155.005(a). She does not, however, seek any relief beyond a writ of mandamus ordering the trial court to transfer this case to Grayson County.

We conclude that Mother's arguments under issue two are all premature. No trial court has ruled that Mother's petition to modify is barred by the pending appeal of the prior SAPCR order. No trial court has heard, much less ruled on, Father's dismissal motion. And the trial court has not attempted to grant Father's dismissal motion, nor is there any indication in the record that it will do so in the face of our disposition of this original proceeding. Accordingly, we may not address Mother's arguments under issue two. *See Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998) (Texas courts may not give advisory opinions or decide cases that are not yet ripe); *In re Tunad Enters., Inc.*, No. 05-17-00930-CV, 2017 WL 4053941, at *3 (Tex. App.—Dallas Sept. 14, 2017, orig. proceeding) (mem. op.) (mandamus petition was premature to the extent it challenged a death-penalty sanction that trial court had not yet imposed). Once the case is docketed in Grayson County, that court will have jurisdiction to adjudicate Father's dismissal motion. *See Silverman v. Johnson*, 317 S.W.3d 846, 850 (Tex. App.—Austin 2010, no pet.).

## IV.  CONCLUSION

Under the circumstances present in this case, § 155.201(b) and § 155.204(c) required the trial court to transfer the case to the Grayson County district court no later than August 29, 2022. The trial court clearly abused its discretion by failing to do so, and relator lacks an adequate remedy by appeal. Therefore, we conditionally grant relator's petition for writ of mandamus.  A writ will issue only in the event the trial court fails to render an order granting relator's motion to transfer venue.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220914F.P05

–6–