**AFFIRMED and Opinion Filed May 4, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00334-CV**

**THIRD EYE, INC., Appellant**
**V.**
**UST GLOBAL INC., Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02821**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Reichek

Third Eye, Inc. appeals the trial court's judgment granting UST Global Inc.'s requests for (1) specific performance of Third Eye's contractual obligation to produce documents, (2) a writ of mandamus allowing UST to inspect Third Eye's books and records, and (3) an award of attorney's fees. Third Eye brings three issues generally challenging the factual sufficiency of the evidence supporting the trial court's rulings and the breadth of the judgment. We affirm.

**Background**

In 2014, UST and Third Eye signed a Subscription Agreement (the Agreement) pursuant to which UST acquired 833 shares of Third Eye and became the company's sole minority shareholder. The Agreement included a section entitled "Information Rights" that required Third Eye to deliver to UST,

> (a) a quarterly unaudited income statement and statement of cash flows, and an unaudited balance sheet at the end of such month, prepared in accordance with generally accepted accounting principles, within forty-five days of the end of each fiscal quarter;

> (b) a yearly unaudited balance sheet, statements of income and cash flows, and a statement of stockholder's equity within ninety days after the end of each fiscal year; and

> (c) consolidated financial statements for any period Third Eye had a subsidiary whose accounts were consolidated with those of Third Eye.

The Agreement additionally required Third Eye to permit UST, subject to applicable laws and regulatory approvals, to visit and inspect Third Eye's books of account and records during Third Eye's normal business hours. Third Eye was not required to provide access to information it reasonably considered to be a trade secret or confidential unless it was covered by an enforceable confidentiality agreement acceptable to Third Eye.

On October 13, 2020, UST sent a demand letter to Third Eye requesting Third Eye make various books and records available for inspection and copying. In support of the request, UST cited the Agreement and section 21.218 of the Texas Business Organizations Code. UST stated it was making the request "for the

purposes of evaluating Third Eye's financial position and understanding Third Eye's operations and practices, so that UST Global can monitor and protect the value of UST Global's equity in Third Eye."

Third Eye responded one month later declining to produce records that exceeded "the permissible scope of Section 21.218 records requests." Third Eye further stated that, due to the fact the companies were involved in an arbitration proceeding, it was declining to produce any records unless appropriate measures were put in place to "protect confidentiality and limit dissemination of sensitive company information."

UST replied that its rights to information under the Agreement were broader than those under section 21.218, and it had never been provided the financial disclosures it was contractually entitled to receive. UST noted that its desire to evaluate Third Eye's financial position to determine the value of its equity interest was particularly compelling given recent communications indicating Third Eye may be insolvent. UST stated it was "amenable to reasonable confidentiality protections for the requested documents" and requested that Third Eye provide it with proposed measures within a week. The record contains no response to UST's request for proposed confidentiality protections, and Third Eye did not allow UST to access its books and records.

UST brought this suit in March 2021 alleging a claim for breach of contract and requesting a writ of mandamus. UST asserted that Third Eye had never provided

any of the information required by the Agreement and requested specific performance of the Information Rights provision, as well as a writ of mandamus ordering Third Eye to provide UST with access to its books and records. UST further sought an award of attorney's fees and costs.

A trial was conducted before the court without a jury. Vijay Padmanbhan, chief corporate officer and head of the investment committee for UST, testified that UST never received any of the documents Third Eye was required to deliver pursuant to the Information Rights provision. He further testified the company had never been allowed to inspect Third Eye's books and records.

Shouvik Bhattacharyya, founder and chief executive officer of Third Eye, testified that, for a period of time he prepared quarterly and yearly financial statements with the help of an accountant, and filed tax returns on behalf of Third Eye. He stated he used QuickBooks to prepare balance sheets and profit and loss statements and had an electronic folder of accounting and finance matters. With respect to informing UST about Third Eye's financial performance, he said he provided informal updates by email from December 2015 to 2017. According to Bhattacharyya, UST employees provided the data used to create the financial statements. Padmanbhan denied that UST employees prepared financial information for Third Eye.

Beginning in 2017, Bhattacharyya stated UST employees began creating separate companies and taking Third Eye's business. He said UST mentioned there

were "rogue employees" and he believed those employees were using Third Eye's confidential information. Bhattacharyya also believed UST had breached a master service agreement between the two companies, and it was this claim that was the subject of the arbitration proceeding.

The arbitration proceeding was still in process when UST sent the demand letter requesting access to Third Eye's books and records. Bhattacharyya testified he refused to comply with the demand because he was trying to "protect the company." He further stated that all documents responsive to UST's demand had been turned over in discovery. In support of this assertion, Third Eye submitted a one-page summary showing various categories of Third Eye's income and expenses for the period of January 2014 through May 2021. Bhattacharyya stated he had records of the payroll, rent, and other expenses reflected in the document, but he believed those records were "not the books and records requested by UST."

After hearing the evidence, the trial court found "UST had a proper purpose for demanding to examine and copy Third Eye's books, records of account, minutes, and share transfer records; and Third Eye did not permit, and still refuses to permit, UST to access, examine, and copy its books, records of account, minutes, and share transfer records." Accordingly, the judgment ordered Third Eye to permit UST to examine its books and records at Third Eye's offices. The trial court additionally found UST was entitled to specific performance on its breach-of-contract claim, and ordered Third Eye to produce the documents required to be delivered under the

–5–

Information Rights provision of the Agreement. Finally, the trial court awarded UST its attorney's fees.

**Analysis**

In its first two issues, Third Eye contends the evidence is factually insufficient to support the trial court's judgment. To evaluate a factual sufficiency challenge, we consider and weigh all the evidence presented. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We can set aside a verdict only if the evidence supporting it is so weak, or the findings so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Id*. We must not substitute our judgment for that of the factfinder, and should remain cognizant that the factfinder is the sole judge of witness credibility. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

Third Eye's primary challenge is to the trial court's finding that UST had a proper purpose in requesting to inspect Third Eye's books and records. An improper purpose is a defense to a books-and-records request. TEX. BUS. ORGS. CODE ANN. § 21.222(b)(4). To show an improper purpose, the party invoking the defense must establish by proof "a state of facts sufficient to convince the court the stockholder is not seeking the information which might be revealed by the desired inspection for the protection of his interest as a stockholder, or that of the corporation, but that he is actuated by corrupt or unlawful motives." *Moore v. Rock Creek Oil Corp.*, 59 S.W.2d 815, 818 (Tex. 1933).

Third Eye argues it presented unrebutted evidence of its concern that UST would take the information obtained through the inspection and use it to harm Third Eye. As facts supporting this concern, Third Eye points to Bhattacharyya's testimony that UST was misappropriating Third Eye's information and assets. But Bhattacharyya specifically testified that UST employees were starting new, separate companies and taking Third Eye's business. There was no evidence that UST, itself, was seeking to harm the company in which it had invested. *See Moore*, 59 S.W.2d at 819 (wholly incredible that stockholders made demand to depress market value of their own stock). Indeed, UST stated it was willing to work with Third Eye to put in place reasonable confidentiality protections for Third Eye's information.

Third Eye additionally points to the fact that the parties were involved in an arbitration proceeding, and the inspection request "stemmed from information obtained during all the arbitration procedures." The information to which Third Eye refers concerned the company's potential insolvency. Third Eye does not explain why the fact that UST learned of Third Eye's potential insolvency during an arbitration proceeding renders its concern about the company as a shareholder improper. Nor does Third Eye explain how information obtained through a books-and-records inspection would have been harmful to Third Eye in the arbitration instituted to resolve a master service agreement dispute. The mere fact that stockholders seeking access to a company's books and records are on unfriendly terms with the company is not a ground for denying mandamus relief. *Id*. at 818.

Third Eye cites several cases for the proposition that its concerns regarding UST's potential misuse of its financial information should have compelled the trial court to deny UST's request. In those cases, however, the court did not hold the company's alleged concerns were conclusive, but rather were sufficient to raise a fact issue on whether the shareholder had a proper purpose for requesting the inspection. *See Uvalde Rock Asphalt Co. v. Loughridge*, 425 S.W.2d 818, 820–21 (Tex. 1968) (orig. proceeding); *In re Elusive Holdings, Inc.*, 641 S.W.3d 498, 504 (Tex. App.—Austin 2021, orig. proceeding); *In re Dyer Custom Installation, Inc.*, 133 S.W.3d 878, 883 (Tex. App.—Dallas 2004, orig. proceeding); *Guar. Old Line Life Co. v. McCallum*, 97 S.W.2d 966, 968 (Tex. App.—Dallas 1936, orig. proceeding). Here, the fact issue was presented to the trial court for resolution. Given (1) UST's undisputed evidence that Third Eye never provided it with the financial information it was contractually obligated to deliver, (2) UST's stated concern regarding its investment in Third Eye, and (3) Third Eye's own evidence that it began losing substantial business beginning in 2017, we conclude the evidence was factually sufficient to support the trial court's conclusion that UST had a proper purpose in requesting to inspect Third Eye's books and records.

With respect to the trial court's order that Third Eye produce documents, Third Eye argues the evidence shows it already produced all the documents in its possession. But the evidence regarding what information had been given to UST was conflicting, and the court was free to disbelieve Bhattacharyya's testimony that

Third Eye was not withholding information. *Golden Eagle*, 116 S.W.3d at 761. Bhattacharyya conceded that, even though he had prepared quarterly and yearly financial statements for Third Eye, he never provided them to UST as required by the Agreement. Instead, Bhattacharyya stated he gave UST informal reports via emails. This alone is sufficient evidence to support the trial court's finding that Third Eye was in breach of the Agreement. Although Bhattacharyya also stated that employees of UST provided the financial information on which Third Eye's financial disclosures would have been based, Padmanbahn disputed this and said UST's employees never prepared financial information for Third Eye.

Third Eye submitted only a single, one-page document into evidence to support its assertion that it had turned over all the requisite financial information in its possession to UST. The document was a summary created by Bhattacharyya for the arbitration proceeding to show Third Eye's profits and losses over a seven-year period. Bhattacharyya stated he had in his possession the underlying records to support the information in the summary, but indicated these documents were not given to UST because he believed that they were not responsive to UST's books-and-records request. But Third Eye provided no evidence to show the records would not be part of the information it was required to deliver under the Agreement. Furthermore, Bhattacharyya stated he had some of Third Eye's financial information on his computer in a file called "accounting and finance matters." Bhattacharyya did not specify what types of documents were in the computer file, and the trial court

could have concluded that at least some of that information would fall under the disclosure requirements of the Agreement.

Finally, Third Eye argues the mandamus relief awarded to UST is overly broad. Third Eye argues that section 21.218(b) of the Texas Business Organizations Code limits the right to inspect a company's books and records to only those books and records relating to the stated purpose for the inspection. *See* TEX. BUS. ORGS. CODE ANN. § 21.218(b). Because the trial court's judgment does not limit the books and records Third Eye must make available, Third Eye contends the relief awarded exceeds the relief to which UST was entitled.

UST's stated purpose for its request to examine Third Eye's books and records was to determine Third Eye's financial soundness and monitor the value of UST's investment. Third Eye fails to identify any books or records that would not relate to this broad purpose, and we may presume the trial court concluded that all the books and records in Third Eye's possession were properly within the scope of what UST was entitled to examine. *See Pulley v. Milberger*, 198 S.W.3d 418, 427 (Tex. App.— Dallas 2006, pet. denied) (we presume trial court made all findings to support judgment).

Third Eye further argues the trial court's order requiring it to make its books and records available for inspection at its offices is not supported by either section 21.218 or UST's pleadings. The Agreement states, however, that Third Eye must allow UST to "visit and inspect Third Eye's properties, [and] examine its books of

account and records, during normal business hours of [Third Eye] . . . ." UST referenced this provision in its petition. Nothing in section 21.218 prevents a trial court from ordering that a books-and-records inspection take place at the subject company's offices. *See* Tex. Bus. Orgs. Code Ann. § 21.218. Accordingly, we conclude the trial court's judgment is not erroneously overbroad or unsupported by the pleadings. We resolve Third Eye's first two issues against it.

Because of our resolution of the first two issues, it is unnecessary for us to address Third Eye's remaining issue concerning attorney's fees.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

220334F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THIRD EYE, INC., Appellant

No. 05-22-00334-CV     V.

UST GLOBAL INC., Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-02821. Opinion delivered by Justice Reichek. Justices Nowell and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee UST GLOBAL INC. recover its costs of this appeal from appellant THIRD EYE, INC.

Judgment entered May 4, 2023